# PART ONE

# EXHIBIT A
## TO STIPULATION AND
## [PROPOSED] ORDER
## OF VOLUNTARY DISMISSAL
## WITH PREJUDICE

TRUJILLO RODRIGUEZ & RICHARDS, LLC
8 West Kings Highway
Haddonfield, NJ 08033
Telephone: (856) 795-9002

Liaison Counsel for Plaintiffs

| | | |
|---|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., | ) ) ) ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |
| Plaintiff, | ) ) ) | CASE NO.: MER-C-26-08 |
| v. | ) ) | |
| MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, PATRICIA M. DANZON, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| MEDAREX, INC., | ) ) | |
| Nominal Defendant. | ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of August 28, 2008 (the "Stipulation Date"), is made and entered into by and among the Settling Parties (as defined in Section I hereof) to the above-captioned litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Settled Claims (as defined in

Section I hereof) upon and subject to the terms and conditions hereof.

**I.**   **Definitions**

As used in this Stipulation the following terms have the following specified meanings:

1.   "Action" means the action styled *Blevins et al. v. Appelbaum et al.*, Case No. MER-C-26-08 (Super. Ct. of NJ, Chancery Div., Mercer County).

2.   "Actions" means the Action, the Original Action and the Federal Action.

3.   "Board" means the Board of Directors of Medarex as it exists on the Stipulation Date.

4.   "Court" means the Superior Court of New Jersey, Chancery Division, Mercer County.

5.   "Past or Present Medarex Stockholders" means any person who previously owned Medarex common stock or who presently owns Medarex common stock.

6.   "Defendants' Affiliates" means Medarex's and/or Defendants' successors or assigns, past and present affiliates, parents, subsidiaries, officers, directors, employees, agents, attorneys, and their respective heirs, executors, administrators, successors and assigns.

7.   "Defendants" or "Settling Defendants" means Michael A. Appelbaum, Randall T. Curnow, Yashwant M. Deo, Donald L. Drakeman, Lisa N. Drakeman, Patricia M. Danzon, Irwin Lerner, Nils Lonberg, W. Bradford Middlekauff, Ronald J. Saldarini, Christian S. Schade, Charles R. Schaller, and Julius A. Vida.

8.   "Defendants' Counsel" means all counsel for the Defendants and Medarex, collectively.

9.   "Effective Date" means the first date by which all of the events and conditions

2

specified in Section XI of the Stipulation have been met and have occurred.

10.     "Federal Action" means the action styled *In re Medarex Derivative Litigation*, Consolidated Civil Action No. 3:06-cv-05523-FLW-TJB, pending in the United States District Court for the District of New Jersey.

11.     "Federal Court" means United States District Court for the District of New Jersey.

12.     "Federal Plaintiffs" means Charles J. Gallic, Jack Frieman, Marilyn Frieman and Peter G. Beidler.

13.     "Federal Plaintiffs' Counsel" means Kantrowitz, Goldhamer & Graifman, Stull, Stull & Brody, Weiss & Lurie and Coughlin Stoia Geller Rudman & Robbins, LLP.

14.     "Fee Award" means the total attorneys' fees and expenses awarded to Plaintiffs' Counsel by the Court at the Final Hearing.

15.     "Final" means: (a) if an appeal is filed and if the Judgment is upheld on appeal, the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a petition for review of the Judgment and, if review is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment, including the expiration of time for requesting rehearing and, if a petition for review of Judgment is sought, the final dismissal of any proceeding on petition to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

16.     "Final Hearing" means the hearing, after notice and preliminary approval, held by the Court to determine whether to approve (a) the settlement of the Action on the terms as set forth in the Stipulation; and (b) the Fee Award.

3

17.     "Judgment" means the Final Judgment and Order of Dismissal to be rendered by the Court, substantially in the form attached hereto as Exhibit C.

18.     "Lead Plaintiffs' Counsel" means Schiffrin Barroway Topaz & Kessler, LLP.

19.     "Medarex" or the "Company" means nominal defendant Medarex, Inc., its affiliates, subsidiaries, predecessors, successors in interest and assigns.

20.     "Notice" means the Notice of Pendency of Settlement of Derivative Litigation, substantially in the form attached hereto as Exhibit B (the "8-K Notice"), and the Notice of Pendency of Settlement of Derivative Litigation, substantially in the form attached hereto as Exhibit B-1 (the "Publication Notice").

21.     "Original Action" means the action styled *Halegoua v. Appelbaum, et al.*, No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County), which was later consolidated with the action styled *Blevins v. Appelbaum, et al.*, No. C-76-06 (Super. Ct. of NJ, Chancery Div., Mercer County) and re-styled *In re Medarex Derivative Litigation*, Consolidated Case No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County).

22.     "Original Board" means the Board of Directors of Medarex as of June 6, 2006, namely defendants Irwin Lerner, Charles R. Schaller, Julius A. Vida, Donald L. Drakeman, Michael A. Appelbaum, Patricia M. Danzon, and Ronald J. Saldarini.

23.     "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives and/or assignees.

4

24.    "Plaintiffs' Counsel" means Schiffrin Barroway Topaz & Kessler, LLP, Trujillo Rodriquez & Richards, LLC, Kantrowitz, Goldhamer & Graifman, Stull, Stull & Brody, Weiss & Lurie and Coughlin Stoia Geller Rudman & Robbins, LLP.

25.    "Plaintiffs" means State Plaintiffs and Federal Plaintiffs.

26.    "Preliminary Order" means an order of the Court, substantially in the form attached hereto as Exhibit A, preliminarily approving the settlement of the Action and providing for Notice of the settlement.

27.    "Related Persons" means each of Medarex's or a Defendant's past or present directors, officers, managers, employees, partners, members, principals, agents, owners, shareholders, attorneys, advisors, accountants or auditors, banks or investment banks, associates, independent contractors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, administrators, related or affiliated entities, as well as any entity in which Medarex or a Defendant has a controlling interest, any members of their immediate families, or any trust of which Medarex or any Defendant is the settlor or which is for the benefit of Medarex or any Defendant and/or member of his or her family.

28.    "Released Parties" means Medarex and its Related Persons, each and all of the Settling Defendants and their Related Persons, any underwriter, insurer, co-insurer or reinsurer of a Settling Defendant, Plaintiffs, and Plaintiffs' Counsel.

29.    "SEC" means the United States Securities and Exchange Commission.

30.    "Settled Claims" means all claims, demands, rights, damages, injunctive or other equitable relief, liabilities, and causes of action of every nature and description, whether legal or

5

equitable, that were filed or could have been asserted by Past or Present Medarex Stockholders (including but not limited to Plaintiffs) derivatively on behalf of Medarex or by Medarex against the Settling Defendants (or any of them), that are based upon or relate in any way to the facts, circumstances, transactions, events, occurrences, disclosures, statements, omissions, acts, or failures to act alleged in the Action or the Federal Action, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, constructive fraud, self-dealing, misrepresentation (whether intentional, negligent or innocent), omission (whether intentional, negligent or innocent), mismanagement, gross mismanagement, abuse of control, unjust enrichment, insider trading, restitution, rescission, recovery of compensation, breach of contract, breach of fiduciary duty, ultra vires acts, aiding and abetting or violations of any state or federal statutes, rules, regulations, or any other source of legal or equitable obligation of any kind or description in any forum.

31.    "Settling Parties" means, collectively, each of the Plaintiffs (derivatively on behalf of Medarex), the Settling Defendants, and Medarex.

32.    "Special Committee" means the Special Investigative Committee of the Medarex Board of Directors appointed to investigate the Company's stock option granting practices.

33.    "State Plaintiffs" means Albert Halegoua and James Blevins.

## II.    Background of the Actions

### A.    State Court Actions

The Original Action was commenced on June 6, 2006 with the filing of the complaint in *Halegoua v. Appelbaum, et al.*, in this Court. The complaint in *Blevins v. Appelbaum, et al.*, was filed in this Court on June 7, 2006. The *Halegoua* and *Blevins* complaints contained

6

substantially similar factual allegations that the Defendants, each of whom is a present or former director and/or senior officer of Medarex, breached their fiduciary duties to Medarex by improperly backdating options, improperly recording and accounting for backdated Medarex stock options at Medarex, and producing false financial statements and other false SEC filings, and other acts complained of therein.

On June 15, 2006, the Original Board announced that it had appointed a Special Committee to conduct an investigation of Medarex's historical stock option grant practices and related accounting treatment, and appointed one of its outside directors, Defendant Saldarini, to oversee the Special Committee's investigation. The Special Committee retained outside legal counsel, computer forensic experts, and an outside forensic accounting firm to assist in its investigation.

On August 4, 2006, the Court consolidated the *Halegoua* and *Blevins* actions as the Original Action, appointed the State Plaintiffs as Lead Plaintiffs and appointed Schiffrin Barroway Topaz & Kessler, LLP as Lead Plaintiffs' Counsel, and the State Plaintiffs subsequently filed their Consolidated Complaint in the Original Action. After the Consolidated Complaint was filed, Lead Plaintiffs' Counsel and counsel for Medarex agreed to extend the time for Defendants to respond to the Consolidated Complaint in the Original Action until after the Special Committee had completed its investigation.

On August 18, 2006, Medarex disclosed in a Form 8-K filed with the SEC that the Special Committee had concluded that "the correct measurement dates for certain stock option grants made by the company during the period 1997 to 2001 differ from the measurement dates [the Company] previously used to account for such option grants." On September 13, 2006, the

7

Board expanded from seven to nine members and appointed two new directors, Robert C. Dinerstein and Abhijeet J. Lele, who were immediately appointed to the Special Committee. On November 5, 2006, Medarex replaced Satterlee Stephens Burke & Burke LLP with Cooley Godward Kronish, LLP as outside securities counsel.

In November and December 2006, pursuant to agreements reached with the Company and pursuant to the Special Committee's investigation, findings and recommendations, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated options, if exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. On November 5, 2006, Defendant Donald L. Drakeman resigned as President, Chief Executive Officer, and director of Medarex effective November 5, 2006, having held those positions since the Company's founding in 1987. Also on November 5, 2006, Defendant Michael A. Appelbaum resigned effective immediately as a director of Medarex, having served as the Company's Chief Financial Officer and director from 1991 to 2000 and as a director since 1991. Additionally, two Defendants – Chief Financial Officer Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year period ending June 30, 2007. The Special Committee reported that it found no evidence demonstrating fraud or willful misconduct on the part of the Company or its current or former management.

Starting in late December 2006, Lead Plaintiffs' Counsel engaged in lengthy and extensive settlement discussions with counsel for Medarex. To permit such discussions to

8

proceed, Lead Plaintiffs' Counsel agreed to extend Defendants' deadline for responding to the Consolidated Complaint in the Original Action, and counsel for the parties in the Original Action conducted periodic status teleconferences with the Court to apprise the Court of the progress of the discussions. In the months following, counsel for Medarex and Lead Plaintiffs' Counsel conducted numerous settlement discussions, in person and by telephone, and Medarex produced to Lead Plaintiffs' Counsel substantial non-public documentation concerning the Special Committee's investigation.

On January 25, 2007, pursuant to the Special Committee's findings and recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008. A copy of the amended version of the policy is attached hereto and incorporated herein by reference ("Amended 2007 Grant Policy").

Having negotiated additional therapeutic measures, and believing in good faith that an agreement-in-principle had been reached to resolve the Original Action, the parties informed the Court of such agreement in a June 18, 2007 conference call, at which time the Court marked the Original Action settled for administrative purposes and granted the Settling Parties 90 days to either memorialize the agreement or proceed with the litigation.

On September 15, 2007, Counsel for the Settling Parties attended a mediation before the Honorable Nicholas H. Politan (Ret.). However, the Settling Parties were unable to reach a resolution of the Actions at the mediation. After failing to reach an agreement on the terms of settlement, the State Plaintiffs notified the Court by letter, dated September 25, 2007, of their

9

intent to proceed with litigation of the Original Action and of the failure to reach a settlement with Defendants.  On October 18, 2007, the State Plaintiffs and Defendants submitted to the Court a Consent Order requiring the State Plaintiffs to file an Amended Consolidated Complaint by October 22, 2007 and Defendants and Medarex to respond to the Amended Consolidated Complaint by November 19, 2007.  The State Plaintiffs filed their Amended Consolidated Complaint with the Court on October 22, 2007.

In early November 2007, counsel for Medarex requested on behalf of Medarex and on behalf of the Defendants an additional extension to respond to the Amended Consolidated Complaint.  The State Plaintiffs agreed to a short extension so that Defendants' respective counsel would have additional time to respond to the Amended Consolidated Complaint.  After additional communications with the Court by both parties, Medarex and Defendants sought, and obtained, an adjournment of Defendants' deadline to respond to the Amended Consolidated Complaint pending a status conference with the Court to be held on January 16, 2008.  At the request of counsel for Medarex, the January 16, 2008 status conference was postponed until February 13, 2008.  During this intervening period the Settling Parties continued to engage in settlement discussions.

At the February 13, 2008 status conference, the Honorable Neil H. Shuster, who presided over the Original Action, attempted to mediate a resolution of the litigation, and notified the parties to the Original Action of his intention to retire.  On the recommendation of Judge Shuster and purely for the Court's administrative purposes, State Plaintiffs and Defendants agreed voluntarily to dismiss the Original Action without prejudice and commence the instant Action. Plaintiffs commenced the Action in this Court on February 21, 2008.  Following the filing of the

complaint in the Action, but before Defendants were scheduled to respond thereto, the Settling Parties continued to engage in settlement discussions toward resolving the litigation, culminating in the agreement memorialized herein.

**B.    Federal Action**

The Federal Action was commenced on November 16, 2006 with the filing in the Federal Court of the complaint styled *Frieman et al. v. Applebaum et al.*, Case No. 3:06-cv-05523-FLW-TJB. Federal Plaintiffs filed similar actions in the Federal Court which were consolidated into the Federal Action on April 18, 2007. The Federal Plaintiffs filed their Consolidated Complaint on June 18, 2007. Defendants and Medarex filed a motion to dismiss the Consolidated Complaint, to which the Federal Plaintiffs responded. During the pendency of such motion, the Settling Parties reached the agreement to settle the Actions, memorialized herein.

*        *        *

Having now agreed to a settlement of the Actions, the Settling Parties, by and through their respective counsel of record, now enter this Stipulation of Settlement to memorialize the terms thereof for the Court's consideration and approval.

**III.    Discovery, Investigation and Research Conducted by Plaintiffs' Counsel**

Plaintiffs' Counsel represent that they have conducted extensive formal and informal discovery and investigation during the development, prosecution and resolution of the Actions, including without limitation: (i) consulting with statistical experts related to the stock option granting patterns alleged in the Actions; (ii) conducting a private investigation related to the allegations of the Actions; (iii) inspecting, analyzing and reviewing Medarex's SEC filings, press releases, announcements, transcripts of conference calls, Form 4 and Form 5 filings by the

Defendants related to stock option grants, financial filings and news articles; (iv) identifying, analyzing and depicting graphically each and every Medarex stock option grant made to the Defendants during the relevant period; (v) drafting and filing the complaints filed in the Actions; (vi) participating in extensive settlement discussions with counsel for Medarex and the Defendants; and (vii) reviewing thousands of pages of public and non-public documents regarding the stock option granting practices of the Company.

## IV.   Defendants' Denials of Wrongdoing and Liability

Defendants and Medarex have denied, asserted numerous defenses to, and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. Defendants and Medarex also have denied and continue to deny the allegations that any of the Plaintiffs or Medarex have suffered any damages. Defendants and Medarex have also expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. Each of the Defendants and Medarex have denied and continue to deny, *inter alia*, the allegations concerning any alleged breach of fiduciary duty, misappropriation and/or waste of corporate assets, unjust enrichment, and any other alleged act of wrongdoing or omission. The Defendants and Medarex have further asserted, and continue to assert that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of Medarex and Past or Present Medarex Stockholders (as that term is defined in Section I hereof).

Nonetheless, Defendants and Medarex have concluded that further litigation would be protracted and expensive not only to them, but also to Medarex and Past or Present Medarex Stockholders.  Defendants and Medarex also consider there to be uncertainty and risks inherent

12

in litigation, especially in complex shareholder litigation such as the Actions. As a result, Defendants and Medarex have determined that it is desirable and beneficial that the Actions be finally and fully settled in the manner and upon the terms and conditions set forth in this Stipulation.

**V.      Claims of Plaintiffs and Benefits of Settlement**

Based on Plaintiffs' Counsels' investigation of the facts and their legal analysis, Plaintiffs believe that the claims asserted in the Actions have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex shareholder litigation such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof concerning, and the possible defenses to, the alleged violations asserted in the Actions. Plaintiffs believe that the Settlement confers substantial benefits upon Medarex and Past or Present Medarex Stockholders. Based on their evaluation and their substantial experience in this area of the law, Plaintiffs' Counsel have also determined that the Settlement is in the best interests of Medarex and Past or Present Medarex Stockholders.

**VI.     Terms of Stipulation and Agreement of Settlement**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (individually and derivatively on behalf of Medarex), the Defendants, and Medarex, by and through their respective counsel of record, that, subject to the approval of the Court, the Actions and the Settled Claims shall be finally and fully compromised, settled and

13

released, and the Actions shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

As a result of the initiation, prosecution, and settlement of the Actions, as well as the Special Committee's investigation and recommendations, and in addition to the actions taken with respect to certain current and former officers and directors, set forth above, Medarex has already adopted, or agreed to adopt, the following corporate governance practices:

1.     Pursuant to agreements reached with the Company dated November and December 2006, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated options, if exercised, and interest thereon; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471, and the total value of such repricings reflect potential additional proceeds to Medarex in the approximate amount of $8,113,847.

2.     On January 25, 2007, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008. The Amended 2007 Grant Policy adopted by the Board contained numerous policy and procedure improvements that are incorporated herein by reference; and

3.     Defendants and Medarex agree that on or before the Effective Date the Board shall adopt the following additional corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees:

14

a.   *Annual Review of Stock Option Procedures.*  On the basis of the annual evaluation required of the Company's Chief Financial Officer and General Counsel by the 2007 Grant Policy, the Company shall publicly disclose any material weaknesses in internal control over financial reporting as of the end of the period covered by the review.

b.   *Retention of Stock Option Records.*  The Company shall retain all records relating to all stock option grants until at least seven years after the date of the stock options grants of the pertinent stock options.

c.   *Trading Compliance.*  The Board shall designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

## VII.  <u>Preliminary Order and Final Hearing</u>

1.   Within five (5) business days following the execution of the Stipulation, the Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Order.  The application shall ask the Court to: (i) preliminarily approve settlement of the Action on the terms set forth in this Stipulation; (ii) determine whether and to whom Notice of the settlement of the Action is to be given; and (iii) approve as adequate the form and proposed method of Notice, which shall include the general terms of the Settlement set forth in the Stipulation and the time, date and location of the Final Hearing.

2.   The 8-K Notice shall be published once by Medarex in a Form 8-K to be filed by Medarex with the SEC within ten (10) days of the entry of the Preliminary Order, and the Publication Notice shall be published once by Medarex in Investors Business Daily within

15

fourteen (14) days of the entry of the Preliminary Order, or in such other manner as the Court directs.

3.      The cost of publishing Notice ordered by the Court, if any, shall be borne by Medarex, and Medarex shall undertake administrative responsibility for publishing the 8-K Notice and the Publication Notice.

**VIII.   Dismissal of the Federal Action**

Within seven (7) days of the entry of the Judgment, the parties to the Federal Action shall file in the Federal Court a Stipulation and Order of Voluntary Dismissal With Prejudice substantially in the form attached hereto as Exhibit D.

**IX.   Release**

1.      Upon the Effective Date, Plaintiffs and Plaintiffs' Counsel (on their own behalf and derivatively on behalf of Medarex), Medarex and Past or Present Medarex Stockholders (derivately on behalf of Medarex) shall fully, finally and forever release, relinquish and discharge all Settled Claims against each and all of the Defendants and their Related Persons, and be forever barred from raising or asserting any of the Settled Claims against the Defendants and their Related Persons, or any of them.  The Plaintiffs and Plaintiffs' Counsel (on their own behalf and derivatively on behalf of Medarex), Medarex and Past or Present Medarex Stockholders (derivatively on behalf of Medarex) agree to never sue any of the Defendants or their Related Persons on any of the Settled Claims.

2.      Upon the Effective Date, Defendants and their Related Persons shall fully, finally and forever release, relinquish and discharge Medarex, Plaintiffs, and Plaintiffs' Counsel from any and all claims arising out of or relating to the institution, prosecution, assertion, settlement or

16

resolution of the Actions and the Settled Claims, except as otherwise provided in this paragraph. Defendants and their Related Persons agree never to sue Medarex, Plaintiffs, or Plaintiffs' Counsel on any claims arising out of or relating to the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims, except as otherwise provided in this paragraph. Nothing in this paragraph shall affect, impair, reduce or enlarge the right of any Defendant to indemnification for attorney's fees and expenses incurred in the Actions prior to the Effective Date, incurred in connection with the settlement of the Actions, incurred in connection with the enforcement of this Stipulation or any Judgment or incurred in connection with any other matter or issue arising out of or relating to their employment for or service on the Board of Medarex. Further, nothing in this paragraph shall affect, impair or reduce the rights of any Defendant under any applicable insurance policy or other agreement. Notwithstanding any contrary provisions of this paragraph or of any other provision of this Stipulation, nothing herein shall be construed so as to bar or impair any claim or cause of action by the Defendants, or any of them, for breach of this Stipulation.

3.       Upon the Effective Date, Medarex and its Related Persons shall fully, finally and forever release, relinquish and discharge Plaintiffs and Plaintiffs' Counsel from any and all claims arising out of or relating to the institution, prosecution, assertion, settlement or resolution of the Actions and the Settled Claims.

4.       The releases contemplated by this Stipulation extend to claims that any parties granting a release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known might have affected the Releasing Parties' decision to enter into this release. The Releasing Parties will be deemed to relinquish, to the extent applicable and to the

full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California

Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Parties will be deemed to relinquish, to the extent applicable, and to

the fullest extent permitted by law, the provisions, rights and benefits of any law of any state or

territory of the United States, federal law, or principle of common law, which is similar,

comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties

acknowledge that the Releasing Parties may discover facts in addition to or different from those

now known or believed to be true with respect to the Settled Claims, but that it is the intention of

the Releasing Parties to hereby completely, fully, finally and forever compromise, settle release,

discharge and extinguish any and all Settled Claims, known or unknown, suspected or

unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard

to the subsequent discovery or existence of additional or different facts. The Releasing Parties

hereby voluntarily waive the provisions, rights and benefits of Section 1542 of the California

Civil Code and the provisions, rights and benefits of any law of any state or territory of the

United States, federal law or principle of common law, which is similar, comparable or

equivalent to Section 1542 of the California Civil Code.

## X.    Plaintiffs' Counsel's Fee Award

1.      At the Final Hearing, Plaintiffs' Counsel will request that the Court approve the

agreed-to Fee Award for their efforts in filing, prosecuting and settling the Actions. Medarex

agrees to pay, subject to Court approval, the Fee Award in the amount of $2,000,000.

18

2.     Medarex shall cause the agreed-to Fee Award to be paid to Lead Plaintiffs' Counsel by Medarex's insurance carrier within ten (10) business days following the entry of the Judgment, in accordance with instructions provided by Lead Plaintiffs' Counsel acting as receiving agent for Plaintiffs' Counsel, subject to Plaintiffs' Counsel's joint and several obligations to make appropriate refunds or repayments of the Fee Award, and any interest accruing thereon, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee Award is reduced or reversed, or the Effective Date (as defined in Section XI hereof) does not occur. Plaintiffs' Counsel, as a condition of receiving any portion of the Fee Award, on behalf of the law firm entity and each partner thereof, explicitly agrees to repay any portion of the Fee Award if it is reversed or modified on appeal, or the Effective Date does not occur. Plaintiffs' Counsel further agrees that its partners are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

3.     The Fee Award shall be allocated among Plaintiffs' Counsel in a fashion which, in the good faith opinion of Lead Plaintiffs' Counsel, fairly compensates counsel for their respective contributions in the institution, prosecution and resolution of the Actions. Neither Medarex, nor Defendants, nor their respective Related Persons, shall have any responsibility for, or incur liability whatsoever with respect to: (i) any dispute or issue any Person may have with respect to the Fee Award or any allocation thereof between or among counsel for Plaintiffs, or (ii) any claim by any other Person to any portion of the Fee Award.

4.     In the event that the Effective Date does not occur, the Judgment or the Order making the Fee Award is reversed or modified on appeal, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee Award has been paid to any extent,

19

Plaintiffs' Counsel shall within five (5) business days from the event precluding the Effective Date from occurring, refund to Medarex any portion of the Fee Award previously paid to them.

**XI.**     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

      1.      The Effective Date of the Stipulation is conditioned on the occurrence of all of the following events:

          a.      Medarex has certified that it has received the repayments under the agreements referenced in paragraph VI.1, *supra*;

          b.      The Court has entered the Preliminary Order or such other order substantially in the form of Exhibit A attached hereto;

          c.      The Notice, or such other notice substantially in the form of Exhibits B and B-1 attached hereto, has been disseminated in accordance with the terms of this Stipulation;

          d.      The Court has entered the Judgment, or such other judgment substantially in the form of Exhibit C attached hereto;

          e.      The Judgment has become Final;

          f.      The Fee Award has been paid to Plaintiffs' Counsel in accordance with Section X hereof; and

          g.      The Federal Court has entered in the Federal Action the Stipulation and Order of Voluntary Dismissal With Prejudice, or such other order substantially in the form of Exhibit D attached hereto.

      2.      If any of the conditions specified in the preceding paragraph is not met, the Effective Date will not occur and the Stipulation shall be cancelled and terminated unless the Settling Parties mutually agree in writing to proceed with the Settlement.

      3.      In the event that the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Actions as of the Stipulation Date. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the

Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

4.      No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of the fees and expenses awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

## XII.    Miscellaneous Provisions

1.      The Settling Parties: (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

2.      The Settling Parties intend this Settlement to be a final and complete resolution of all claims that were or could have been brought by or on behalf of Medarex in the Actions, that the Final Judgment have a *res judicata* effect as to all claims and issues that have or could have been raised by or on behalf of Medarex in the Actions, and that the Final Judgment have preclusive effect in all pending and future lawsuits asserting Settled Claims.  Accordingly, the Settling Parties agree that the terms of the Stipulation reflect a good-faith settlement of the Actions, reached voluntarily after consultation with experienced counsel.

3.      Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants and Released Parties; or (ii) is or may be deemed to be or may be used as an

21

admission of, or evidence of, any fault or omission of any of the Defendants and Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against any, all or each of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      4. Notwithstanding any contrary provisions hereof, Plaintiffs, Plaintiffs' Counsel or any Past or Present Medarex Stockholder may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

      5. All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

      6. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. When required by law, any amendment or modification shall be approved by the Court.

      7. This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Settling Parties (and Plaintiffs' Counsel), Medarex and the Defendants. The Settling Parties further agree that this Stipulation and settlement shall supersede any prior agreement concerning the subject matter hereof.

      8. Plaintiffs and Plaintiffs' Counsel enter into this Stipulation and expressly authorize Lead Plaintiffs' Counsel to take all appropriate action required or permitted to be taken by Plaintiffs or Past or Present Medarex Stockholders pursuant to the Stipulation in order to

effectuate its terms.

      9.     Each counsel or other person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

      10.    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

      11.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

      12.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

      13.    This Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to choice of law principles.

      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, on August 28, 2008.

Dated: August 28, 2008

                        SCHIFFRIN BARROWAY TOPAZ
                        & KESSLER, LLP

                        Eric L. Zagar
                        Michael C. Wagner

James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August **29**, 2008                    TRUJILLO RODRIGUEZ & RICHARDS, LLC

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel:  (856) 795-9002
Fax:  (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August _____, 2008                    COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs.*

Dated: August _____, 2008                    MCCARTER & ENGLISH LLP

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August _____, 2008            TRUJILLO RODRIGUEZ & RICHARDS, LLC

_____

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August 9/2 _____, 2008        COUGHLIN STOIA GELLER
                                     RUDMAN & ROBBINS LLP

_____

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: August _____, 2008            MCCARTER & ENGLISH LLP

_____

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August 28, 2008

TRUJILLO RODRIGUEZ & RICHARDS, LLC

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August _____, 2008

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: August 23, 2008

MCCARTER & ENGLISH LLP

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Dated: August 27, 2008

KRAMER LEVIN NAFTALIS & FRANKEL
LLP

Norman C. Simon
1177 Avenue of the Americas
New York, New York  10036
Tel: (212) 558-4000
Fax: (212) 715-9238

*Counsel for Defendant Michael A. Appelbaum*

Dated: August ____, 2008

PROSKAUER ROSE LLP

Karen E. Clarke
Margaret A. Dale
PROSKAUER ROSE LLP

25

Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Dated: August ____, 2008          KRAMER LEVIN NAFTALIS & FRANKEL
                                  LLP

                                  _____
                                  Norman C. Simon
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Tel: (212) 558-4000
                                  Fax: (212) 715-9238

                                  *Counsel for Defendant Michael A. Appelbaum*

Dated: August 27, 2008           PROSKAUER ROSE LLP

                                  _____
                                  Karen E. Clarke
                                  Margaret A. Dale
                                  PROSKAUER ROSE LLP

25

1585 Broadway
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for Defendants Donald L. Drakeman
and Lisa N. Drakeman*

Dated: August ⅄⅃, 2008

DECHERT LLP

David A. Kotler
Robert J. Jossen
Michael L. Gilbert
Princeton Pike Corporate Center
997 Lenox Drive, Building 3, Suite 210
Lawrenceville, New Jersey 08648
Tel: (609) 620-3200
Fax: (609) 620-3259

*Counsel for Defendant Irwin Lerner*

Dated: August _____, 2008

GIBBONS P.C.

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545

*Counsel for Defendant W. Bradford
Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel: (212) 468-8128
Fax: (212) 468-7900

*Counsel for Defendant W. Bradford*

26

1585 Broadway
New York, New York  10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for Defendants Donald L. Drakeman*
*and Lisa N. Drakeman*

Dated: August _____, 2008          DECHERT LLP

_____

David A. Kotler
Robert J. Jossen
Michael J. Gilbert
Princeton Pike Corporate Center
997 Lenox Drive, Building 3, Suite 210
Lawrenceville, New Jersey 08648
Tel: (609) 620-3200
Fax: (609) 620-3259

*Counsel for Defendant Irwin Lerner*

Dated: August **25**, 2008          GIBBONS P.C.

_____

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545

*Counsel for Defendant W. Bradford*
*Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel: (212) 468-8128
Fax: (212) 468-7900

*Counsel for Defendant W. Bradford*

26

*Middlekauff*

Dated: August _2̸3̸_, 2008          LOWENSTEIN SANDLER PC

_____
Gregory B. Reilly
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Defendant Christian S. Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3020
Fax: (212) 492-0092

*Counsel for Defendant Christian S. Schade*

CONNELL FOLEY LLP

Dated: August _____, 2008          _____
Liza M. Walsh
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8258
Fax: (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

TOMPKINS MCGUIRE WACHENFELD &

27

*Middlekauff*

Dated: August _____, 2008

LOWENSTEIN SANDLER PC

_____

Gregory B. Reilly
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Defendant Christian S. Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3020
Fax: (212) 492-0092

*Counsel for Defendant Christian S. Schade*

CONNELL FOLEY LLP

_____

Liza M. Walsh
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8258
Fax: (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

TOMPKINS MCGUIRE WACHENFELD &

Dated: August 17, 2008

27

Dated: August 27, 2008

BARRY

William H. Trousdale

William H. Trousdale
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
Tel: (973) 623-7893
Fax: (973) 623-7780

*Counsel for Defendant Julius A. Vida*

Michael D. Trager
Richard L. Jacobson
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 924-5999

*Counsel for Defendant Julius A. Vida*

28

Dated: ___9/2___, 2008

STULL, STULL & BRODY

_Jules Brody / EDB_
Jules Brody
Aaron Brody
James E. Lahm
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: ___9/2___, 2008

WEISS & LURIE

_Joseph Weiss / EDB_
Joseph H. Weiss
551 Fifth Avenue
Suite 1600
New York, NY
Tel: (212) 682-3025
Fax: (212) 682-3010

*Co-Lead Counsel for the Federal Plaintiffs*

29

# EXHIBIT A

JAMES BLEVINS and ALBERT
HALEGOUA, Derivatively on Behalf
of Nominal Defendant MEDAREX, INC.,

Plaintiffs,

v.

MICHAEL A. APPELBAUM, RANDALL
T. CURNOW, YASHWANT M. DEO,
DONALD L. DRAKEMAN, LISA N.
DRAKEMAN, PATRICIA M DANZON,
IRWIN LERNER, NILS LONBERG,
W. BRADFORD MIDDLEKAUFF,
RONALD J. SALDARINI, CHRISTIAN S
SCHADE, CHARLES R. SCHALLER, and
JULIUS A. VIDA,

Defendants,

and

MEDAREX, INC.,

Nominal Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION:
MERCER COUNTY

CASE NO.: MER-C-26-08



## [PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT

Plaintiffs and Nominal Defendant, having made an application pursuant to N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, for an Order preliminarily approving the settlement (the "Settlement") of the above-captioned Action and the related Federal Action in accordance with the Stipulation of Settlement entered into by the Settling Parties, dated as of August 28, 2008 (the "Stipulation"), which, together with the related documents filed contemporaneously therewith, sets forth the terms and conditions for the proposed Settlement of the Action, and which provides for ultimate dismissal of the Action with prejudice. The Court having read and considered the Stipulation and accompanying documents,

and all Settling Parties having consented to the entry of this Order:

NOW, **THEREFORE**, this _26th_ day of _September_, 2008, upon application of the Parties, **IT IS HEREBY ORDERED** as follows:

1.    Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2.    The Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, provides substantial value to the Company, and falls within the range of possible approval and, therefore, merits further consideration.

3.    The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders.

4.    The Court has scheduled a Settlement Hearing, which will be held on _November 18_, 2008, at _10:00_ .m., at The Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Fourth Floor, Trenton, NJ 08650, to:

a.    determine whether to finally approve the Settlement pursuant to Rule 4:32-3 as fair, reasonable, adequate, and in the best interests of the Company and Medarex stockholders;

b.    consider an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all Settled Claims;

c.    consider Plaintiffs' Counsel's request for an award of attorneys' fees to be paid by Medarex's insurer as caused by Medarex; and

d.    hear other such matters as the Court may deem necessary and appropriate.

5.    The Court reserves the right to adjourn the Settlement Hearing or modify any of

- 2 -

the dates set forth herein without further notice to Medarex stockholders

6.    The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties to the Action and without further notice to Medarex stockholders.

7.    The Court approves, as to form and content, the Notice and Summary Notice, annexed as Exhibits B and B-1, respectively, to the Stipulation, and finds that the giving of notice as specified herein meets the requirements of N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and shall constitute due and sufficient notice of the Settlement Hearing and all other matters referred to in the Notice and Summary Notice to all persons entitled to receive notice of the Settlement Hearing.

8.    All costs incurred in identifying and notifying the Company's shareholders of the Settlement, including the filing and publishing of the Notice and Summary Notice, shall be paid by the Company. Medarex shall undertake the administrative responsibility for providing notice to the Company's shareholders in accordance with paragraph 9 below.

9.    No later than *October 6*, 2008, Medarex shall cause a copy of the Notice, substantially in the form annexed as Exhibit B to the Stipulation, to be filed electronically with the SEC via Form 8-K, and shall cause the Summary Notice, substantially in the form annexed as Exhibit B-1 to the Stipulation, to be published once in Investors' Business Daily.

10.    At least seven (7) days prior to the Settlement Hearing, Medarex's Counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such filing and publication.

11.    All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and

- 3 -

suspended until further Order of this Court. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, and all of the Company's shareholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any Released Parties.

12. Any Medarex shareholder may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees should not be awarded to Plaintiffs' Counsel; provided, however, that no Medarex shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

13. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, a Final Order shall be entered as described in the Stipulation.

14. If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any of the Settling Parties shall be deemed an admission or offered or received in evidence at any proceeding in the Action or any other action or proceeding.

IT IS SO ORDERED.

-4-

DATED:   _September 26, 2008_                    _J. Maria Marinari Sypek, P.J._

- 5 -