# PART TWO

# EXHIBIT A
## TO STIPULATION AND
## [PROPOSED] ORDER
## OF VOLUNTARY DISMISSAL
## WITH PREJUDICE

# EXHIBIT B

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, PATRICIA M. DANZON, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA, )<br><br>Defendants, )<br><br>and )<br><br>MEDAREX, INC., )<br><br>Nominal Defendant. ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY<br><br>CASE NO.: MER-C-26-08 |

| | |
|---|---|
| In re MEDAREX , INC. DERIVATIVE LITIGATION ) | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>No.06-cv-5523 (FLW) |

## NOTICE OF PENDENCY AND SETTLEMENT OF DERIVATIVE ACTION AND OF FINAL HEARING

**TO: ALL HOLDERS OF THE COMMON STOCK OF MEDAREX, INC. ("MEDAREX" OR "COMPANY") AS OF AUGUST 28, 2008. PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A SHAREHOLDER DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN.**

## I.  WHY YOU ARE RECEIVING THIS NOTICE

This Notice of Pendency and Settlement of Derivative Action and of Final Hearing ("Notice") is given pursuant to New Jersey Court Rule 4:32-2(e), as made applicable to this action (the "Action") by Rule 4:32-3, and by an Order of the Superior Court of New Jersey, Chancery Division, Mercer County (the "Court").  The purpose of this Notice is to advise you that a shareholder derivative action is now pending in the Court relating to Medarex and that the parties thereto have entered into a Stipulation of Settlement (the "Stipulation"), dated as of August 28, 2008 (the "Stipulation Date"), reflecting a settlement (the "Settlement"), subject to Court approval, which would fully, finally and forever resolve the Action on the terms and conditions summarized in this Notice and that a final hearing ("Final Hearing") will be held on _____ , 2008, before the Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Trenton, NJ 08650.

THIS IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION, OR THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.

## II.  BACKGROUND – WHAT THIS SETTLEMENT IS ABOUT

The original action ("Original Action") was commenced in the Court on June 6, 2006, with the filing of the complaint in *Halegoua v. Appelbaum, et al.,* No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County), which was later consolidated with the action styled *Blevins v. Appelbaum, et al.,* No. C-76-06 (Super. Ct. of NJ, Chancery Div., Mercer County), filed with the Court on June 7, 2006, and re-styled as *In re Medarex Derivative Litigation,* Consolidated Case No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County).

The *Halegoua* and *Blevins* complaints contained substantially similar factual allegations that the Individual Defendants, each of whom is a present or former director and/or senior officer of Medarex, breached their fiduciary duties to Medarex by improperly backdating options, improperly recording and accounting for backdated stock options at Medarex, and producing false financial statements and other false United States Securities and Exchange Commission ("SEC") filings, and other acts complained of therein.

On June 15, 2006, the Board of Directors of Medarex (the "Original Board"), consisting namely of defendants Irwin Lerner, Charles R. Schaller, Julius A. Vida, Donald L. Drakeman, Michael A. Appelbaum, Patricia M. Danzon, and Ronald J. Saldarini as of June 6, 2006, announced that it had appointed a special committee ("Special Committee") to conduct an investigation of Medarex's historical stock option grant practices and related accounting treatment.  The Original Board also appointed one of its outside directors, Defendant Saldarini, to oversee the Special Committee's investigation.  The Special Committee retained outside legal counsel, computer forensic experts, and an outside forensic accounting firm to assist in its investigation.

On August 4, 2006, the Court consolidated the *Halegoua* and *Blevins* actions, appointed Albert Halegoua and James Blevins ("State Plaintiffs") as lead plaintiffs ("Lead Plaintiffs") and

2

appointed Schiffrin Barroway Topaz & Kessler, LLP as Lead Plaintiffs' Counsel. The State Plaintiffs subsequently filed their consolidated complaint ("Consolidated Complaint").

On August 18, 2006, Medarex disclosed in a Form 8-K filed with the SEC that the Special Committee had concluded that "the correct measurement dates for certain stock option grants made by the company during the period 1997 to 2001 differ from the measurement dates [the Company] previously used to account for such option grants." On September 13, 2006, the Board of Directors of Medarex ("Board" meaning the Board of Directors of Medarex as it exists on the Stipulation Date) expanded from seven to nine members and appointed two new directors, Robert C. Dinerstein and Abhijeet J. Lele, who were immediately added to the Special Committee. On November 5, 2006, Medarex replaced Satterlee Stephens Burke & Burke, LLP with Cooley Godward Kronish, LLP as outside securities counsel.

On November 16, 2006, Jack Frieman and Marilyn Frieman filed in the United States District Court for the District of New Jersey (the "Federal Court") a complaint styled *Frieman et al. v. Applebaum et al.*, Case No. 3:06-cv-05523-FLW-TJB (the "Federal Action" and collectively with the Original Action and the Action, the "Actions"). Subsequently, Charles J. Gallic and Peter G. Beidler (collectively with Jack Frieman and Marilyn Frieman the "Federal Plaintiffs") filed similar actions in the Federal Court which were consolidated into the Federal Action on April 18, 2007.

In November and December 2006, pursuant to agreements reached with the Company and pursuant to the Special Committee's investigation, findings and recommendations, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated options, if exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. On November 5, 2006, Defendant Donald L. Drakeman resigned as President, Chief Executive Officer, and director of Medarex effective November 5, 2006, having held those positions since the Company's founding in 1987. Also on November 5, 2006, Defendant Michael A. Appelbaum resigned effective immediately as a director of Medarex, having served as the Company's Chief Financial Officer and director from 1991 to 2000 and as a director since 2000. Additionally, two Defendants – Chief Financial Officer Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year period ending June 30, 2007. The Special Committee reported that it found no evidence demonstrating fraud or willful misconduct on the part of the Company or its current or former management.

Starting in late December 2006, Plaintiffs' Counsel engaged in lengthy and extensive settlement discussions with counsel for Medarex. In the months following, counsel for Medarex and Lead Plaintiffs' Counsel conducted numerous settlement discussions, in person and by telephone, and Medarex produced to Lead Plaintiffs' Counsel substantial non-public documentation concerning the Special Committee's investigation.

On January 25, 2007, pursuant to the Special Committee's findings and recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers

3

and Employees. The policy was amended on October 25, 2007 and January 31, 2008 (the "Amended 2007 Grant Policy").

On September 15, 2007, Counsel for the Settling Parties attended a mediation before the Honorable Nicholas H. Politan (Ret.). However, the Settling Parties were unable to reach a resolution of the Actions at the mediation. The State Plaintiffs filed an amended consolidated complaint with the Court on October 22, 2007.

At a February 13, 2008 status conference, the Honorable Neil H. Shuster, who presided over the Original Action, attempted to mediate a resolution of the litigation, and notified the parties to the Original Action of his intention to retire. On the recommendation of Judge Shuster and purely for the Court's administrative purposes, State Plaintiffs and Defendants agreed voluntarily to dismiss the Original Action without prejudice and commence the instant Action. Plaintiffs commenced the Action in this Court on February 21, 2008. Following the filing of the complaint in the Action, but before Defendants were scheduled to respond thereto, the Settling Parties continued to engage in settlement discussions toward resolving the litigation, culminating in the Settlement.

Plaintiffs in the Actions are referred to herein as the Plaintiffs. All named defendants in the Action are referred to herein as the Individual Defendants. The Individual Defendants and nominal defendant Medarex are collectively referred to herein as Defendants. The Plaintiffs, the Individual Defendants and Medarex shall be referred to herein as the Settling Parties. As a part of the Settlement, the Federal Action will be dismissed.

Based on Plaintiffs' Counsels' investigation of the facts and their legal analysis, Plaintiffs believe that the claims asserted in the Actions have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex shareholder litigation such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof concerning, and the possible defenses to, the alleged violations asserted in the Actions. Plaintiffs believe that the Settlement confers substantial benefits upon Medarex and Past or Present Medarex Stockholders. Based on their evaluation and their substantial experience in this area of the law, Plaintiffs' Counsel have also determined that the Settlement is-in the best interests of Medarex and Past or Present Medarex Stockholders.

Defendants and Medarex have denied, asserted numerous defenses to, and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. Defendants and Medarex also have denied and continue to deny the allegations that any of the Plaintiffs or Medarex have suffered any damages. Defendants and Medarex have also expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. Each of the Defendants and Medarex have denied and continue to deny, *inter alia*, the allegations concerning any alleged breach of fiduciary duty, misappropriation and/or waste of corporate assets, unjust enrichment, and any other alleged act of wrongdoing or omission. The Defendants and Medarex have further asserted, and continue to assert that at all relevant times,

4

they acted in good faith and in a manner they reasonably believed to be in the best interests of Medarex and Past or Present Medarex Stockholders.

Nonetheless, Defendants and Medarex have concluded that further litigation would be protracted and expensive not only to them, but also to Medarex and Past or Present Medarex Stockholders. Defendants and Medarex also consider there to be uncertainty and risks inherent in litigation, especially in complex shareholder litigation such as the Actions. As a result, Defendants and Medarex have determined that it is desirable and beneficial that the Actions be finally and fully settled in the manner and upon the terms and conditions set forth in the Stipulation.

***The Court has not determined the merits of Plaintiffs' claims or Defendants' defenses.*** This Notice does not, and is not intended to, imply that there have been or would be any findings of a violation of law by Defendants or that recovery could be had in any amount if the litigation were not settled.

## III.  TERMS OF THE PROPOSED SETTLEMENT

The terms and conditions of the proposed Settlement are set forth in the Stipulation, which has been filed of record with the Court in the Action. The Defendants acknowledge and agree that the pendency and prosecution of the Actions was a material factor underlying the Company adopting, or agreeing to adopt, the changes set forth below with respect to the Company's corporate governance practices:

1.  Pursuant to agreements reached with the Company dated November and December 2006, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated stock options, if exercised, and interest thereon; (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471 and the total value of such repricings reflect potential additional proceeds to Medarex in the approximate amount of $8,113,847;

2.  On January 25, 2007, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008. The Amended 2007 Grant Policy adopted by the Board contained numerous policy and procedure improvements that are incorporated herein by reference; and

3.  Defendants and Medarex agree that on or before the Effective Date the Board shall adopt the following additional corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees:

a.  *Annual Review of Stock Option Procedures.* On the basis of the annual evaluation required of the Company's Chief Financial Officer and General Counsel by the 2007 Grant Policy, the Company shall publicly disclose any material weaknesses in internal control over financial reporting as of the end of the period covered by the review.

5

      b.      *Retention of Stock Option Records.*  The Company shall retain all records relating to all stock option grants until at least seven years after the date of the stock options grants of the pertinent stock options.

      c.      *Trading Compliance.*  The Board shall designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

## IV.   WHAT CLAIMS THE SETTLEMENT WILL RELEASE

      If the Settlement is approved by the Court, then upon the effective date of the Settlement, Plaintiffs, on behalf of Medarex and Past or Present Medarex Stockholders, shall be deemed to have and shall have, fully, finally, and forever released all claims that have been or could have been alleged in the Actions or that arise out of, arise in connection with or are related to the Company's historical stock option practices, including any unknown claims against the Individual Defendants and Medarex.  In addition, upon the effective date of the Settlement, each of the Individual Defendants and Medarex shall have fully, finally and forever released Plaintiffs, Plaintiffs' Counsel, and the Company from any and all claims, including unknown claims, which any of them may have against the Plaintiffs, Plaintiffs' Counsel or the Company, that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims.  The release does not release Medarex from its statutory or contractual indemnity obligations to the Individual Defendants.

## V.   ATTORNEYS' FEE AWARD

      At the Final Hearing, Plaintiffs' Counsel will request that the Court approve the agreed-to fee award ("Fee Award") for their efforts in filing, prosecuting and settling the Actions. Defendants and Medarex agree to cause Medarex's insurer to pay, subject to Court approval, the Fee Award in the amount of $2,000,000.  Plaintiffs' Counsel have not received any fee to date, nor have they been reimbursed for their out-of-pocket expenses.  The Fee Award would compensate Plaintiffs' Counsel for the substantial benefits achieved in the Actions and the risks they undertook to represent the Plaintiffs on a fully-contingent basis.

## VI.   FINAL HEARING AND YOUR RIGHT TO BE HEARD

      Medarex stockholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement at the Final Hearing to be held before the Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Trenton, NJ 08650. You are not required to retain your own counsel, but if you choose to do so, it will be at your own expense.  In no event shall any person be heard in opposition to the Settlement, and in no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless by _____, 2008 such person (i) files with the Clerk of the Court at the addresses below notice of such person's intention to appear, showing proof that such person is a Medarex stockholder, including the number of shares of Medarex common stock held and the date of purchase, and providing a statement that

6

indicates the basis for such appearance, the nature of such objection, the identities of any witnesses that such person plans to call at the Final Hearing, and any documentation in support of any objection, and (ii) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such person files with the Court, in person or by mail upon:

Michael C. Wagner
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706

*Attorneys for Plaintiffs James Blevins and Albert Halegoua*

-and-

William J. Snipes
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000

*Attorneys for Nominal Defendant Medarex, Inc.*

## VII.   FURTHER INFORMATION

Further information regarding the Action and this Notice may be obtained by contacting counsel for Plaintiffs:

Michael C. Wagner
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706

The pleadings and other records of the Action may be examined and copied at any time during regular office hours at:

Clerk of Court
Superior Court of New Jersey, Chancery Division
210 South Broad Street, Trenton, NJ 08650

**Please Do Not Telephone the Court or the Clerk's Office Regarding this Notice.**

7

DATED: _____, 2008

BY ORDER OF THE
SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MERCER COUNTY

8

# EXHIBIT B-1

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., ) ) ) ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |

JAMES BLEVINS and ALBERT          )   SUPERIOR COURT OF NEW JERSEY
HALEGOUA, Derivatively on Behalf  )   CHANCERY DIVISION:
of Nominal Defendant MEDAREX, INC.,)  MERCER COUNTY
                                  )
          Plaintiffs,             )
                                  )   CASE NO.: MER-C-26-08
          v.                      )
                                  )
MICHAEL A. APPELBAUM, RANDALL     )
T. CURNOW, YASHWANT M. DEO,       )
DONALD L. DRAKEMAN, LISA N.       )
DRAKEMAN, PATRICIA M. DANZON,     )
IRWIN LERNER, NILS LONBERG,       )
W. BRADFORD MIDDLEKAUFF,          )
RONALD J. SALDARINI, CHRISTIAN S. )
SCHADE, CHARLES R. SCHALLER, and  )
JULIUS A. VIDA,                   )
                                  )
          Defendants,             )
                                  )
          and                     )
                                  )
MEDAREX, INC.,                    )
                                  )
          Nominal Defendant.      )

In re MEDAREX , INC.              )   UNITED STATES DISTRICT COURT
DERIVATIVE LITIGATION            )   DISTRICT OF NEW JERSEY
                                 )
                                 )
                                 )   No.06-cv-5523 (FLW)

**TO:    ALL HOLDERS OF MEDAREX, INC. COMMON STOCK**

     **THIS NOTICE IS GIVEN** pursuant to an Order of the Superior Court of New Jersey, Chancery Division, Mercer County (the "Court"), dated _____, 2008, in the above-captioned putative derivative action (the "Action"). Plaintiffs ("Plaintiffs") brought claims in the Action and sought to pursue them derivatively on behalf of Medarex, Inc. ("Medarex" or the "Company").

     **YOU ARE HEREBY NOTIFIED**, that a hearing (the "Final Hearing") will be held on _____, 2008 at ___.m. at the Mercer County Courthouse, Superior Court of New Jersey, Chancery Division, 210 South Broad Street, Fourth Floor, Trenton, NJ 08650, for the purpose of determining whether to approve the proposed Settlement of the Action brought on

1

behalf of Medarex against certain present and former directors and officers of Medarex. Plaintiffs in the Action asserted claims against the defendants ("Defendants"), based on allegations of, among other things, breaches of fiduciary duties in connection with Defendants' alleged backdating of stock option grants. ***Because this is a shareholders' derivative action brought for the benefit of Medarex, no individual Medarex shareholder has the right to receive any individual compensation as a result of the settlement of the Action.***

The proposed Settlement, which is subject to Court approval, consists of certain Defendants and certain other officers, directors and employees of Medarex having agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated stock options, if exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471, and the total value of such repricings reflect potential proceeds to Medarex in the approximate amount of $8,113,847.

The proposed Settlement also consists of Medarex's Board of Directors (the "Board") adopting multiple corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees of Medarex. Specifically, these internal control measures include, among other things, policies regarding annual reviews of stock option procedures and retention of stock option granting records. The Board will also designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

On January 25, 2007, pursuant to a special committee (the "Special Committee") of the Medarex Board's findings and recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008 ("Amended 2007 Grant Policy"). The Amended 2007 Grant Policy resulted in policy and procedural improvements related to Medarex's stock option granting practices. Specifically, policies were adopted relating to the timing and granting of new hire and periodic grants, the timing and granting of annual grants, the exercise price of grants, the approval of grants by the Compensation Committee of the Board (the "Compensation Committee"), the timing and minutes of Compensation Committee meetings and the communication of stock option awards.

Further, on November 5, 2006, Defendant Donald L. Drakeman resigned as President, Chief Executive Officer, and director of Medarex and Defendant Michael A. Appelbaum resigned as a director of Medarex. Additionally, two current employee-Defendants – Chief Financial Officer ("CFO") Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year period ending June 30, 2007.

If you are a shareholder of Medarex, this Notice will inform you how you may enter your appearance in the Action, or object to the proposed dismissal and have your objection heard at the Final Hearing. If you are a Medarex shareholder, your rights may be affected by the dismissal of the Action. Any Medarex shareholder may file a written objection to the dismissal

with the Court, together with copies of any supporting paper and briefs upon which he or she intends to rely and a sworn statement attesting to the date of purchase by such person of his or her Medarex common stock and documentation of his or her continued ownership thereof. Any such objection must be filed with the Court and served on Plaintiffs' and Defendants counsel no later than _____, 2008, at the addresses below. Any objection to the dismissal must identify: (1) the name of the case; (2) the objector's name, address, and telephone number; and (3) the number of shares of Medarex common stock the objector currently owns and the date(s) of purchase, and filed with:

Clerk of Court
Superior Court of New Jersey, Chancery Division,
210 South Broad Street, P.O. Box 8068 Trenton, NJ 08650

In addition, such person shall serve and show due proof of service, on or before the aforesaid date, of copies of such objection or opposition, supporting papers and briefs, and sworn statement of purchase and continued ownership upon Plaintiffs' and Defendants' counsel at the addresses below.

Unless you follow the procedures outlined above, you may be barred from objecting to the dismissal. If you do not oppose the proposed dismissal, you need not appear at the Final Hearing.

You may obtain a copy of the detailed Notice of Pendency and Settlement of Derivative Action and Final Hearing, by contacting in writing the following counsel:

| Michael C. Wagner | William J. Snipes |
|---|---|
| SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP | SULLIVAN & CROMWELL LLP |
| 280 King of Prussia Road | 125 Broad Street |
| Radnor, PA 19087 | New York, NY 10004-2498 |
| Counsel for Plaintiffs | Counsel for Defendants |

This Notice contains only a summary of the Action and the terms of the Settlement. For more details regarding the history of the Action and the Settlement, during regular business hours you may inspect at the office of the Clerk of Court the case files, including the pleadings, the Stipulation, and other papers and documents filed with the Clerk of Court.

If you have any questions regarding the proposed dismissal, please direct all questions to the above-referenced Plaintiffs' counsel, **PLEASE DO NOT CALL OR WRITE THE COURT.**

DATED: _____, 2008        BY ORDER OF THE SUPERIOR COURT OF
                                     NEW JERSEY, CHANCERY DIVISION,
                                     MERCER COUNTY

3

# EXHIBIT C

A True Copy

*Sue Regan*

**SUE REGAN**
Deputy Clerk of Superior Court

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |
| Plaintiffs, | |
| v. | CASE NO.: MER-C-26-08 |
| MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA, | |
| Defendants, | |
| and | |
| MEDAREX, INC., | |
| Nominal Defendant. | |

CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED

**NOV 18 2008**

*Sue Regan*
SUE REGAN
DEPUTY CLERK OF SUPERIOR COURT

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to an Order dated September 26, 2008 (the "Preliminary Approval Order"), on the application of Plaintiffs and Nominal Defendant for final approval of the Settlement in this Action on the terms provided for in the Stipulation of Compromise and Settlement dated August 28, 2008 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate Notice having been provided to holders of Medarex common stock as of August 28, 2008, as required in the Preliminary Approval Order, and following such Notice, a hearing having been held before the

Court on November 18, 2008 (the "Settlement Hearing") to determine the matters contemplated in this Order and Final Judgment; and

The Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing for the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED this *18* day of *November* 2008 that:

1.     This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties thereto.

3.     Pursuant to N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and other applicable law, this Court finds that the Settlement is fair, reasonable and adequate to Medarex and its shareholders. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel. Accordingly, the Court hereby finally approves the Settlement in all respects, as set forth in the Stipulation. The Settling Parties are hereby directed to consummate the Settlement in accordance with the terms of the Stipulation.

4.     The Court further finds, solely for the purposes of Settlement, that Plaintiffs and Plaintiffs' Counsel fairly represent the interests of Medarex and its shareholders in enforcing the rights of the Company.

5.     Pursuant to Rule 4:32-3, and for the purposes of Settlement only, the Court further finds that the Action was properly initiated as a stockholder derivative action for and on behalf of Medarex.

2

6.     The Action and all claims asserted therein are dismissed with prejudice.

7.     Upon the Effective Date, Plaintiffs and Plaintiffs' Counsel, on their own behalf and derivatively on behalf of Medarex (as nominal defendant) and Medarex stockholders (derivately on behalf of Medarex) shall fully, finally and forever release, relinquish and discharge all Settled Claims against the Released Parties.  Plaintiffs and Plaintiffs' Counsel shall also fully, finally and forever release, relinquish and discharge all claims against Defendants' Counsel related to this Action.  Upon the Effective Date, each of the Individual Defendants shall also fully, finally, and forever release, relinquish and discharge all claims against Plaintiffs, Plaintiffs' Counsel, and Medarex and their Related Persons related to this Action.

8.     The Court hereby approves the award to Plaintiffs' Counsel of Fees and Expenses in the amount of $ *3 million* (*$3,000,000.00*).  Medarex is directed to cause its insurer to pay to Plaintiffs' Counsel the Fee Award in accordance with the terms of the Stipulation.  The Individual Defendants shall not be liable to pay the Fee Award, or any other payment in connection with this Settlement.

9.     The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10.    Plaintiffs, Medarex stockholders, and Medarex are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining any Settled Claim against any of the Released Parties.  All such claims and actions are hereby extinguished, satisfied and unenforceable.

11.    During the course of the litigation of the Action, all Settling Parties and their counsel acted in good faith and complied with state law and rules of professional responsibility.

12.    The Notice given to Medarex stockholders was the best notice practicable under the circumstances. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the proposed Settlement and the Settlement Hearing, and said Notice fully satisfied the requirements of N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and other applicable law.

13.    Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, nor the payment of any monetary consideration or relief by any of the Settling Parties, including the payment of attorneys' fees: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any Settled Claim, or any wrongdoing or liability of the Settling Parties or any of their Related Persons; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Parties or any of their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of this Stipulation. Notwithstanding the foregoing, the Settling Parties may file this Stipulation or any judgment or order of the Court related hereto in any action that has been or may be brought against them in order to support a motion, defense or a counterclaim based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of the implementation, enforcement and administration of the Settlement.

4

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _November 18_, 2008

_____
Marta Marinari Sypek, P.J.C.

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

----------------------------------------------------------x
                                   :   No. 3:06-cv-05523-FLW-TJB

                                   :

IN RE MEDAREX, INC. DERIVATIVE   :   **STIPULATION AND**

                                   :   **[PROPOSED] ORDER**

LITIGATION                           :   **OF VOLUNTARY**

                                   :   **DISMISSAL WITH**

                                   :   **PREJUDICE**

----------------------------------------------------------x

## STIPULATION AND [PROPOSED] ORDER
## OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS, in addition to the above-captioned derivative action (the "Federal Action"), companion derivative actions captioned *Halegoua v. Appelbaum, et al.*, No. C-73-06 (N.J. Super. Ct., Chancery Div., Mercer County) and *Blevins v. Appelbaum, et al.*, No. C-76-06 (N.J. Super. Ct., Chancery Div., Mercer County), which were later consolidated and re-styled *In re Medarex Derivative Litigation*, Consolidated Case No. C-26-08 (N.J. Super. Ct., Chancery Div., Mercer County), were filed in the Superior Court of New Jersey (the "State Court") (the "State Actions" and collectively with the "Federal Action", the "Actions");

WHEREAS, the parties to the Actions entered into a Stipulation of Settlement, a copy of which is attached hereto as Exhibit "A", as a collective settlement (the "Settlement") of all claims and issues in both the Federal Action and State Actions;

WHEREAS, a Joint Motion for Preliminary Approval of Proposed Settlement and supporting papers were filed with the State Court on August 29, 2008;

WHEREAS, on _____, 2008, the State Court approved the substantive terms of the Settlement and entered a final judgment;

WHEREAS, under the terms of the Settlement and final judgment entered by the State Court, all of the claims asserted in the Federal Action have been settled and released, rendering the Federal Action moot;

NOW, THEREFORE, it is hereby stipulated and agreed that the Federal Action is dismissed with prejudice and without costs to any party.

Dated:_____

                                       _____
                                       Gary S. Graifman, Esq. (GSG-2276)
KANTROWITZ, GOLDHAMER &
GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Telephone: (201) 391-7000
Facsimile: (201) 307-1088

*Liaison Counsel for Plaintiffs*

Jules Brody
Aaron Brody
James E. Lahm (JL-4335)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Patrice L. Bishop
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087

Joseph H. Weiss
Joseph D. Cohen
WEISS & LURIE
551 Fifth Avenue
Suite 1600
New York, NY 10176

Telephone: (212) 682-3025
Facsimile: (212) 682-3010

Peter S. Pearlman
COHN, LIFLAND, PEARLMAN,
HERRMANN & KNOPF, LLP
Park 80 Plaza West One
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Facsimile: (201)-845-9423

Darren J. Robbins
Travis E. Downs
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Co-Lead Counsel for Plaintiffs*

Dated: _____

_____
William D. Wallach
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald
Saldarini, Robert C. Dinerstein, and
Nils Lonberg.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

- 3 -

Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald J.
Saldarini, Robert C. Dinerstein, and
Nils Lonberg.*

Dated: _____

_____

Norman C. Simon
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 558-4000
Fax: (212) 715-9238

*Counsel for Defendant Michael A.
Appelbaum*

Dated: _____

_____

Karen E. Clarke
Margaret A. Dale
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for Defendants Donald L.
Drakeman*

Dated: _____

_____

David A. Kotler
Robert J. Jossen
Michael J. Gilbert
DECHERT LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Suite 210
Lawrenceville, New Jersey 08648
Tel: (609) 620-3200
Fax: (609) 620-3259

*Counsel for Defendant Irwin Lerner*

- 4 -

Dated: _____

    _____

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Counsel for Defendant W. Bradford
Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel:  (212) 468-8128
Fax:  (212) 468-7900

*Counsel for Defendant W. Bradford
Middlekauff*

Dated: _____

    _____

Gregory B. Reilly
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Counsel for Defendant Christian S.
Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3020
Fax:  (212) 492-0092

*Counsel for Defendant Christian S.
Schade*

Dated: _____

    _____

Liza M. Walsh

- 5 -

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8258
Fax: (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

Dated: _____   _____

William H. Trousdale
TOMPKINS MCGUIRE
WACHENFELD & BARRY
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
Tel: (973) 623-7893
Fax: (973) 623-7780

*Counsel for Defendant Julius A. Vida*

Michael D. Trager
Richard L. Jacobson
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 924-5999

*Counsel for Defendant Julius A. Vida*

\*      \*      \*      \*      \*

- 6 -

IT IS SO ORDERED

_____
THE HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT E

# MEDAREX, INC.

## POLICY AND PROCEDURES FOR THE GRANTING
## OF STOCK OPTIONS AND OTHER EQUITY-BASED INCENTIVES

**(Adopted by the Board of Directors on January 25, 2007)**
**(Amended by the Board of Directors on October 25, 2007)**
**(Amended by the Board of Directors on January 31, 2008)**

### PURPOSE

The purpose of this Policy and Procedures for the Granting of Stock Options and Other Equity-Based Incentives (the "**Policy**") is to present a framework for a consistent process for the granting of stock options and other equity-based incentives ("**Awards**"). The Board of Directors of Medarex, Inc. ("**Medarex**") has adopted this Policy to assure the integrity of Medarex's equity award process and has delegated the administration thereof to the Compensation and Organization Committee (the "**Committee**") of the Board of Directors of Medarex (the "**Board**").

### GENERAL PRINCIPLES

In furtherance of this purpose, Committee members and management shall follow consistent procedures for the granting of Awards to officers, employees and members of the Board, as further set forth herein (the "**Equity Grant Procedures**"). The Equity Grant Procedures, and Medarex's implementation of the practices thereunder, shall comply with applicable law, the Committee charter and Medarex's equity compensation plans. Medarex shall make full disclosure of the Equity Grant Procedures in accordance with applicable securities laws and regulations.

It is the intent of this policy that Awards to current employees, officers or Board members will not be granted by Medarex when any executive officer or member of the Board is in possession of any material, non-public information (as defined in Medarex's Policy Prohibiting Insider Trading).

### EQUITY GRANT PROCEDURES

#### Grants to New Officers, Employees and Board Members

Approval Process: At regular or special meetings of the Committee, which meetings may be held either by video, telephone or in-person, the Committee shall approve Awards to officers, employees and Board members who commenced service at Medarex during the month(s) preceding each meeting (the "**Period**"). The dates of regular meetings will be determined at the start of the calendar year. In advance of each meeting, management shall provide to the Committee a list of all officers and other

employees hired during the Period, and Board members who commenced their service, during the Period and for whom management (or, in the case of new Board members, the Board) recommends an Award. Management shall also provide the Committee with the name of each individual, the amount and nature of recommended equity awards for each individual, and the individual's start date. The Award shall be deemed approved on the date of the Committee meeting. Any officer, other employee or Board member who commences his or her service at Medarex on or after the date management provides the Committee with a list of recommended Award recipients shall be considered for a new-hire Award at the next Committee meeting.

Grant Date: The grant date of all Awards to new officers, employees and Board members shall be last trading day of the month in which the Award was approved by the Committee. Unless otherwise provided, the exercise price of all new officer, employee and Board member Awards shall be 100% of the average of the high and the low price of Medarex's common stock on the grant date (the "**Fair Market Value**").

Determining Amount of Award: If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

## Off-Cycle Grants to Current Officers, Employees and Board Members

Committee Approval Process: All other Awards granted to current officers, employees, Board members and non-employee consultants throughout the year, including Awards granted pursuant to the Company's deferred compensation programs under Section 13 of the Company's 2005 Equity Incentive Plan ("**Deferred Awards**"), but excluding annual grants ("**Off-Cycle Awards**"), shall be approved at the Committee's meetings as described below. In advance of each meeting of the Committee, management shall provide to the Committee a list of all officers, employees and Board members for whom management (or, in the case of Board members, the Board) recommends an Off-Cycle Award. Management shall also provide the Committee with the name of each individual, the amount and nature of recommended equity awards for each individual, and the reason for the Off-Cycle Awards. The Award shall be deemed approved on the date of the Committee meeting.

Grant Date: The grant date of all Off-Cycle Awards shall be last trading day of the month in which the Award was approved by the Committee as the case may be. For clarification, the grant date of Deferred Awards under the 2008 Deferred Compensation Program must correspond with the date on which the underlying compensation being deferred is otherwise paid to employees generally. Unless otherwise provided, the

2

exercise price of all Off-Cycle Awards shall be the Fair Market Value, as determined above.

Determining Amount of Award: If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

## Annual Grants to Current Officers, Employees and Board Members

Approval Process: The Committee may approve annual Awards to current officers, employees and members of the Board at a meeting held in the forty-five (45) day period following the close of each fiscal year. At the meeting, the Committee shall determine the exact recipients of the Awards and the exact amount and nature of shares to underlie the Awards granted to the recipients. The annual Awards shall be deemed approved on the date of the Committee meeting.

Grant Date: The grant date of all annual Awards shall be the date that is the third (3rd) trading day after Medarex files its annual report on Form 10-K. Unless otherwise provided, the exercise price of all annual Awards shall be the Fair Market Value, as determined above.

Determining Amount of Award: If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

### COMMUNICATION, DOCUMENTATION AND IMPLEMENTATION OF EQUITY-BASED INCENTIVES

To ensure the accurate communication, documentation and implementation of Awards, upon the approval of Awards, the chair of the Committee shall timely communicate all Awards to the Chief Financial Officer (the "CFO"), or his or her designee, who in turn shall timely communicate all Awards to the Stock Option Administrator. Once approved, there shall be no changes in any individual's stock option grant without further action by the Committee.

3

The Stock Option Administrator shall (i) provide documentation of equity-based incentives to the recipients in a timely manner following the approval by the Committee as the case may be; (ii) maintain records of all equity-based compensation grants and exercises, including (a) the type of each Award, (b) the exact recipient of each Award, (c) the exact number of shares (or other units) that will underlie each Award, (d) the grant date for the Award, and (e) the exercise price of each Award; (iii) on an annual basis, review Medarex's system of documenting equity-based compensation grants and exercises with the CFO, and if requested, with the chair of the Committee; and (iv) on an annual basis, provide a detailed report to each member of the Board that describes his or her stock option and other equity holdings for that year.

SPECIAL SITUATIONS

In the event it is not feasible to follow the Equity Grant Procedures set forth above, the Committee may waive such procedures. Before electing to do so, however, the Committee shall consult with the CFO and the General Counsel and make a determination that it is in Medarex's best interest to waive the Equity Grant Procedures. It is expected that such a waiver will occur only under exceptional circumstances.

For any Award subject to a waiver of the Equity Grant Procedures, the reasons for such waiver shall be fully documented by the Committee, and the methodology for establishing the exercise price of the Award shall be described in the accompanying documentation. For any special situation, the Committee shall determine the exact recipients of the Awards and the exact amount and nature of shares to underlie the Awards granted to the recipients. Furthermore, the chair of the Committee and Stock Option Administrator shall timely communicate the Award as set forth above, and the Stock Option Administrator shall maintain records of the Award as set forth above.

REVIEW OF EQUITY GRANT PROCEDURE

On an annual basis, the CFO and the General Counsel shall undertake a review of Medarex's procedures for the granting and exercise of Awards. The review shall include an assessment of the Committee's performance in accordance with this Policy. The CFO and the General Counsel shall involve Medarex's outside corporate/securities counsel and accountants in such review. Prior to undertaking the review, the CFO and the General Counsel shall consult with the chairs of the Committee and the Audit Committee to ascertain whether the committees have any particular areas of concern regarding Medarex's equity grant procedures. Upon completion of the review, the CFO and the General Counsel shall (i) share the results of the review with the Chief Executive Officer, the Committee and the Audit Committee, and (ii) report to the Board regarding any significant issues which arose during the review.

The Committee shall review this Policy at least annually and may recommend any modifications to the Board. The Board will determine any changes to be made to this Policy based upon the Committee's recommendations.

4

Failure to comply with this Policy may result in disciplinary actions in accordance with Medarex's employment procedures.

TRAINING

The CFO and the General Counsel shall supervise an annual training program and/or distribute update/refresher materials for officers, employees, members of the Board and consultants in connection with the administration, implementation, and/or review of Medarex's equity grant procedures.  The CFO and the General Counsel may engage external advisors and consultants, to the extent determined appropriate by the CFO and the General Counsel, to facilitate the performance of any training functions.