UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
                                    :      No. 3:06-cv-05523-FLW-TJB
                                    :
IN RE MEDAREX, INC. DERIVATIVE      :      **STIPULATION AND**
                                    :      **[PROPOSED] ORDER**
LITIGATION                          :      **OF VOLUNTARY**
                                    :      **DISMISSAL WITH**
                                    :      **PREJUDICE**
                                    :
-----------------------------------------------------------x

*RECEIVED*
*DEC - 1 2008*
*AT 8:30 ____ M*
*WILLIAM T. WALSH*
*CLERK*

**STIPULATION AND [PROPOSED] ORDER**
**OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS, in addition to the above-captioned derivative action (the "Federal Action"), companion derivative actions captioned *Halegoua v. Appelbaum, et al.*, No. C-73-06 (N.J. Super. Ct., Chancery Div., Mercer County) and *Blevins v. Appelbaum, et al.*, No. C-76-06 (N.J. Super. Ct., Chancery Div., Mercer County), which were later consolidated and re-styled *In re Medarex Derivative Litigation*, Consolidated Case No. C-26-08 (N.J. Super. Ct., Chancery Div., Mercer County), were filed in the Superior Court of New Jersey (the "State Court") (the "State Actions" and collectively with the "Federal Action", the "Actions");

WHEREAS, the parties to the Actions entered into a Stipulation of Settlement, amended by the Amended Stipulation of Settlement, copies of which are attached hereto as Exhibits "A" and B, respectively, as a collective settlement (the "Settlement") of all claims and issues in both the Federal Action and State Actions;

WHEREAS, a Joint Motion for Preliminary Approval of Proposed Settlement and supporting papers were filed with the State Court on August 29, 2008;

WHEREAS, on November 18, 2008, the State Court approved the substantive terms of the Settlement and entered a final judgment;

WHEREAS, under the terms of the Settlement and final judgment entered by the State Court, all of the claims that have been or could have been asserted in the Federal Action have been settled and released, rendering the Federal Action moot;

NOW, THEREFORE, it is hereby stipulated and agreed that in accordance with the terms of the Settlement, the Federal Action is dismissed with prejudice and without costs to any party.

Dated: November 25, 2008

/s/ Gary S. Graifman
Gary S. Graifman, Esq. (GSG-2276)
KANTROWITZ, GOLDHAMER &
GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Telephone: (201) 391-7000
Facsimile: (201) 307-1088

*Liaison Counsel for Plaintiffs*

Jules Brody
Aaron Brody
James E. Lahm (JL-4335)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Patrice L. Bishop
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087

Joseph H. Weiss
Joseph D. Cohen
WEISS & LURIE
551 Fifth Avenue

Suite 1600
New York, NY 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

Peter S. Pearlman
COHN, LIFLAND, PEARLMAN,
HERRMANN & KNOPF, LLP
Park 80 Plaza West One
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Facsimile: (201)-845-9423

Darren J. Robbins
Travis E. Downs
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Co-Lead Counsel for Plaintiffs*

Dated: November 25, 2008

/s/ William D. Wallach
William D. Wallach
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald
Saldarini, Robert C. Dinerstein, and
Nils Lonberg.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street

- 3 -

New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald J.
Saldarini, Robert C. Dinerstein, and
Nils Lonberg*

Dated: November 25, 2008

/s/ Norman C. Simon
Norman C. Simon
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Tel:  (212) 558-4000
Fax:  (212) 715-9238

*Counsel for Defendant Michael A.
Appelbaum*

Dated: November 25, 2008

/s/ Karen E. Clarke
Karen E. Clarke
Margaret A. Dale
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Counsel for Defendant Donald L.
Drakeman*

Dated: November 25, 2008

/s/ David A. Kotler
David A. Kotler
Robert J. Jossen
Michael J. Gilbert
DECHERT LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Suite 210
Lawrenceville, New Jersey 08648
Tel:  (609) 620-3200
Fax:  (609) 620-3259

*Counsel for Defendant Irwin Lerner*

Dated: November 25, 2008

/s/ Brian J. McMahon
Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Counsel for Defendant W. Bradford Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel:  (212) 468-8128
Fax:  (212) 468-7900

*Counsel for Defendant W. Bradford Middlekauff*

Dated: November 25, 2008

/s/ Gregory B. Reilly
Gregory B. Reilly
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Counsel for Defendant Christian S. Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3020
Fax:  (212) 492-0092

*Counsel for Defendant Christian S. Schade*

- 5 -

Dated: November 25, 2008

/s/ Liza M. Walsh
Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel:  (973) 535-0500
Fax:  (973) 535-9217

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel:  (212) 728-8258
Fax:  (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

Dated: November 25, 2008

/s/ William H. Trousdale
William H. Trousdale
TOMPKINS MCGUIRE
WACHENFELD & BARRY
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4070
Tel:  (973) 623-7893
Fax:  (973) 623-7780

*Counsel for Defendant Julius A. Vida*

Michael D. Trager
Richard L. Jacobson
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel:  (202) 942-5000
Fax:  (202) 924-5999

*Counsel for Defendant Julius A. Vida*

- 6 -

\*   \*   \*   \*   \*

IT IS SO ORDERED

12/1/08

THE HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT COURT JUDGE

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
8 West Kings Highway
Haddonfield, NJ 08033
Telephone: (856) 795-9002

Liaison Counsel for Plaintiffs

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC.,    ) ) ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |

JAMES BLEVINS and ALBERT     )
HALEGOUA, Derivatively on Behalf    )
of Nominal Defendant MEDAREX, INC.,   )
                     )
          Plaintiff,        )
                     )
         v.            )
                     )
MICHAEL A. APPELBAUM, RANDALL )
T. CURNOW, YASHWANT M. DEO,    )
DONALD L. DRAKEMAN, LISA N.     )
DRAKEMAN, PATRICIA M. DANZON,   )
IRWIN LERNER, NILS LONBERG,     )
W. BRADFORD MIDDLEKAUFF,     )
RONALD J. SALDARINI, CHRISTIAN S. )
SCHADE, CHARLES R. SCHALLER, and )
JULIUS A. VIDA,             )
                     )
       Defendants,      )
                     )
      and            )
                     )
MEDAREX, INC.,          )
                     )
     Nominal Defendant.   )

CASE NO.: MER-C-26-08

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of August 28, 2008 (the "Stipulation Date"), is made and entered into by and among the Settling Parties (as defined in Section I hereof) to the above-captioned litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Settled Claims (as defined in

Section I hereof) upon and subject to the terms and conditions hereof.

I.   **Definitions**

As used in this Stipulation the following terms have the following specified meanings:

1.      "Action" means the action styled *Blevins et al. v. Appelbaum et al.*, Case No.
MER-C-26-08 (Super. Ct. of NJ, Chancery Div., Mercer County).

2.      "Actions" means the Action, the Original Action and the Federal Action.

3.      "Board" means the Board of Directors of Medarex as it exists on the Stipulation
Date.

4.      "Court" means the Superior Court of New Jersey, Chancery Division, Mercer
County.

5.      "Past or Present Medarex Stockholders" means any person who previously owned
Medarex common stock or who presently owns Medarex common stock.

6.      "Defendants' Affiliates" means Medarex's and/or Defendants' successors or
assigns, past and present affiliates, parents, subsidiaries, officers, directors, employees, agents,
attorneys, and their respective heirs, executors, administrators, successors and assigns.

7.      "Defendants" or "Settling Defendants" means Michael A. Appelbaum, Randall T.
Curnow, Yashwant M. Deo, Donald L. Drakeman, Lisa N. Drakeman, Patricia M. Danzon, Irwin
Lerner, Nils Lonberg, W. Bradford Middlekauff, Ronald J. Saldarini, Christian S. Schade,
Charles R. Schaller, and Julius A. Vida.

8.      "Defendants' Counsel" means all counsel for the Defendants and Medarex,
collectively.

9.      "Effective Date" means the first date by which all of the events and conditions

2

specified in Section XI of the Stipulation have been met and have occurred.

10.    "Federal Action" means the action styled *In re Medarex Derivative Litigation*, Consolidated Civil Action No. 3:06-cv-05523-FLW-TJB, pending in the United States District Court for the District of New Jersey.

11.    "Federal Court" means United States District Court for the District of New Jersey.

12.    "Federal Plaintiffs" means Charles J. Gallic, Jack Frieman, Marilyn Frieman and Peter G. Beidler.

13.    "Federal Plaintiffs' Counsel" means Kantrowitz, Goldhamer & Graifman, Stull, Stull & Brody, Weiss & Lurie and Coughlin Stoia Geller Rudman & Robbins, LLP.

14.    "Fee Award" means the total attorneys' fees and expenses awarded to Plaintiffs' Counsel by the Court at the Final Hearing.

15.    "Final" means: (a) if an appeal is filed and if the Judgment is upheld on appeal, the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a petition for review of the Judgment and, if review is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment, including the expiration of time for requesting rehearing and, if a petition for review of Judgment is sought, the final dismissal of any proceeding on petition to review the Judgment; or (c) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

16.    "Final Hearing" means the hearing, after notice and preliminary approval, held by the Court to determine whether to approve (a) the settlement of the Action on the terms as set forth in the Stipulation; and (b) the Fee Award.

3

17.     "Judgment" means the Final Judgment and Order of Dismissal to be rendered by the Court, substantially in the form attached hereto as Exhibit C.

18.     "Lead Plaintiffs' Counsel" means Schiffrin Barroway Topaz & Kessler, LLP.

19.     "Medarex" or the "Company" means nominal defendant Medarex, Inc., its affiliates, subsidiaries, predecessors, successors in interest and assigns.

20.     "Notice" means the Notice of Pendency of Settlement of Derivative Litigation, substantially in the form attached hereto as Exhibit B (the "8-K Notice"), and the Notice of Pendency of Settlement of Derivative Litigation, substantially in the form attached hereto as Exhibit B-1 (the "Publication Notice").

21.     "Original Action" means the action styled *Halegoua v. Appelbaum, et al.*, No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County), which was later consolidated with the action styled *Blevins v. Appelbaum, et al.*, No. C-76-06 (Super. Ct. of NJ, Chancery Div., Mercer County) and re-styled *In re Medarex Derivative Litigation*, Consolidated Case No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County).

22.     "Original Board" means the Board of Directors of Medarex as of June 6, 2006, namely defendants Irwin Lerner, Charles R. Schaller, Julius A. Vida, Donald L. Drakeman, Michael A. Appelbaum, Patricia M. Danzon, and Ronald J. Saldarini.

23.     "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives and/or assignees.

4

24.     "Plaintiffs' Counsel" means Schiffrin Barroway Topaz & Kessler, LLP, Trujillo

Rodriquez & Richards, LLC, Kantrowitz, Goldhamer & Graifman, Stull, Stull & Brody, Weiss

& Lurie and Coughlin Stoia Geller Rudman & Robbins, LLP.

25.     "Plaintiffs" means State Plaintiffs and Federal Plaintiffs.

26.     "Preliminary Order" means an order of the Court, substantially in the form

attached hereto as Exhibit A, preliminarily approving the settlement of the Action and providing

for Notice of the settlement.

27.     "Related Persons" means each of Medarex's or a Defendant's past or present

directors, officers, managers, employees, partners, members, principals, agents, owners,

shareholders, attorneys, advisors, accountants or auditors, banks or investment banks, associates,

independent contractors, personal or legal representatives, predecessors, successors, parents,

subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, administrators, related

or affiliated entities, as well as any entity in which Medarex or a Defendant has a controlling

interest, any members of their immediate families, or any trust of which Medarex or any

Defendant is the settlor or which is for the benefit of Medarex or any Defendant and/or member

of his or her family.

28.     "Released Parties" means Medarex and its Related Persons, each and all of the

Settling Defendants and their Related Persons, any underwriter, insurer, co-insurer or reinsurer

of a Settling Defendant, Plaintiffs, and Plaintiffs' Counsel.

29.     "SEC" means the United States Securities and Exchange Commission.

30.     "Settled Claims" means all claims, demands, rights, damages, injunctive or other

equitable relief, liabilities, and causes of action of every nature and description, whether legal or

5

equitable, that were filed or could have been asserted by Past or Present Medarex Stockholders (including but not limited to Plaintiffs) derivatively on behalf of Medarex or by Medarex against the Settling Defendants (or any of them), that are based upon or relate in any way to the facts, circumstances, transactions, events, occurrences, disclosures, statements, omissions, acts, or failures to act alleged in the Action or the Federal Action, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, fraud, constructive fraud, self-dealing, misrepresentation (whether intentional, negligent or innocent), omission (whether intentional, negligent or innocent), mismanagement, gross mismanagement, abuse of control, unjust enrichment, insider trading, restitution, rescission, recovery of compensation, breach of contract, breach of fiduciary duty, ultra vires acts, aiding and abetting or violations of any state or federal statutes, rules, regulations, or any other source of legal or equitable obligation of any kind or description in any forum.

31.     "Settling Parties" means, collectively, each of the Plaintiffs (derivatively on behalf of Medarex), the Settling Defendants, and Medarex.

32.     "Special Committee" means the Special Investigative Committee of the Medarex Board of Directors appointed to investigate the Company's stock option granting practices.

33.     "State Plaintiffs" means Albert Halegoua and James Blevins.

**II.     Background of the Actions**

**A.     State Court Actions**

The Original Action was commenced on June 6, 2006 with the filing of the complaint in *Halegoua v. Appelbaum, et al.,* in this Court. The complaint in *Blevins v. Appelbaum, et al.,* was filed in this Court on June 7, 2006. The *Halegoua* and *Blevins* complaints contained

6

substantially similar factual allegations that the Defendants, each of whom is a present or former director and/or senior officer of Medarex, breached their fiduciary duties to Medarex by improperly backdating options, improperly recording and accounting for backdated Medarex stock options at Medarex, and producing false financial statements and other false SEC filings, and other acts complained of therein.

On June 15, 2006, the Original Board announced that it had appointed a Special Committee to conduct an investigation of Medarex's historical stock option grant practices and related accounting treatment, and appointed one of its outside directors, Defendant Saldarini, to oversee the Special Committee's investigation. The Special Committee retained outside legal counsel, computer forensic experts, and an outside forensic accounting firm to assist in its investigation.

On August 4, 2006, the Court consolidated the *Halegoua* and *Blevins* actions as the Original Action, appointed the State Plaintiffs as Lead Plaintiffs and appointed Schiffrin Barroway Topaz & Kessler, LLP as Lead Plaintiffs' Counsel, and the State Plaintiffs subsequently filed their Consolidated Complaint in the Original Action. After the Consolidated Complaint was filed, Lead Plaintiffs' Counsel and counsel for Medarex agreed to extend the time for Defendants to respond to the Consolidated Complaint in the Original Action until after the Special Committee had completed its investigation.

On August 18, 2006, Medarex disclosed in a Form 8-K filed with the SEC that the Special Committee had concluded that "the correct measurement dates for certain stock option grants made by the company during the period 1997 to 2001 differ from the measurement dates [the Company] previously used to account for such option grants." On September 13, 2006, the

7

Board expanded from seven to nine members and appointed two new directors, Robert C. Dinerstein and Abhijeet J. Lele, who were immediately appointed to the Special Committee. On November 5, 2006, Medarex replaced Satterlee Stephens Burke & Burke LLP with Cooley Godward Kronish, LLP as outside securities counsel.

In November and December 2006, pursuant to agreements reached with the Company and pursuant to the Special Committee's investigation, findings and recommendations, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated options, if exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. On November 5, 2006, Defendant Donald L. Drakeman resigned as President, Chief Executive Officer, and director of Medarex effective November 5, 2006, having held those positions since the Company's founding in 1987. Also on November 5, 2006, Defendant Michael A. Appelbaum resigned effective immediately as a director of Medarex, having served as the Company's Chief Financial Officer and director from 1991 to 2000 and as a director since 1991. Additionally, two Defendants – Chief Financial Officer Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year period ending June 30, 2007. The Special Committee reported that it found no evidence demonstrating fraud or willful misconduct on the part of the Company or its current or former management.

Starting in late December 2006, Lead Plaintiffs' Counsel engaged in lengthy and extensive settlement discussions with counsel for Medarex. To permit such discussions to

8

proceed, Lead Plaintiffs' Counsel agreed to extend Defendants' deadline for responding to the Consolidated Complaint in the Original Action, and counsel for the parties in the Original Action conducted periodic status teleconferences with the Court to apprise the Court of the progress of the discussions.  In the months following, counsel for Medarex and Lead Plaintiffs' Counsel conducted numerous settlement discussions, in person and by telephone, and Medarex produced to Lead Plaintiffs' Counsel substantial non-public documentation concerning the Special Committee's investigation.

On January 25, 2007, pursuant to the Special Committee's findings and recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees.  The policy was amended on October 25, 2007 and January 31, 2008.  A copy of the amended version of the policy is attached hereto and incorporated herein by reference ("Amended 2007 Grant Policy").

Having negotiated additional therapeutic measures, and believing in good faith that an agreement-in-principle had been reached to resolve the Original Action, the parties informed the Court of such agreement in a June 18, 2007 conference call, at which time the Court marked the Original Action settled for administrative purposes and granted the Settling Parties 90 days to either memorialize the agreement or proceed with the litigation.

On September 15, 2007, Counsel for the Settling Parties attended a mediation before the Honorable Nicholas H. Politan (Ret.).  However, the Settling Parties were unable to reach a resolution of the Actions at the mediation.  After failing to reach an agreement on the terms of settlement, the State Plaintiffs notified the Court by letter, dated September 25, 2007, of their

9

intent to proceed with litigation of the Original Action and of the failure to reach a settlement with Defendants.  On October 18, 2007, the State Plaintiffs and Defendants submitted to the Court a Consent Order requiring the State Plaintiffs to file an Amended Consolidated Complaint by October 22, 2007 and Defendants and Medarex to respond to the Amended Consolidated Complaint by November 19, 2007.  The State Plaintiffs filed their Amended Consolidated Complaint with the Court on October 22, 2007.

In early November 2007, counsel for Medarex requested on behalf of Medarex and on behalf of the Defendants an additional extension to respond to the Amended Consolidated Complaint.  The State Plaintiffs agreed to a short extension so that Defendants' respective counsel would have additional time to respond to the Amended Consolidated Complaint.  After additional communications with the Court by both parties, Medarex and Defendants sought, and obtained, an adjournment of Defendants' deadline to respond to the Amended Consolidated Complaint pending a status conference with the Court to be held on January 16, 2008.  At the request of counsel for Medarex, the January 16, 2008 status conference was postponed until February 13, 2008.  During this intervening period the Settling Parties continued to engage in settlement discussions.

At the February 13, 2008 status conference, the Honorable Neil H. Shuster, who presided over the Original Action, attempted to mediate a resolution of the litigation, and notified the parties to the Original Action of his intention to retire.  On the recommendation of Judge Shuster and purely for the Court's administrative purposes, State Plaintiffs and Defendants agreed voluntarily to dismiss the Original Action without prejudice and commence the instant Action.  Plaintiffs commenced the Action in this Court on February 21, 2008. Following the filing of the

10

complaint in the Action, but before Defendants were scheduled to respond thereto, the Settling Parties continued to engage in settlement discussions toward resolving the litigation, culminating in the agreement memorialized herein.

### B.   Federal Action

The Federal Action was commenced on November 16, 2006 with the filing in the Federal Court of the complaint styled *Frieman et al. v. Applebaum et al.*, Case No. 3:06-cv-05523-FLW-TJB.  Federal Plaintiffs filed similar actions in the Federal Court which were consolidated into the Federal Action on April 18, 2007.  The Federal Plaintiffs filed their Consolidated Complaint on June 18, 2007.   Defendants and Medarex filed a motion to dismiss the Consolidated Complaint, to which the Federal Plaintiffs responded.  During the pendency of such motion, the Settling Parties reached the agreement to settle the Actions, memorialized herein.

*     *     *

Having now agreed to a settlement of the Actions, the Settling Parties, by and through their respective counsel of record, now enter this Stipulation of Settlement to memorialize the terms thereof for the Court's consideration and approval.

### III.   Discovery, Investigation and Research Conducted by Plaintiffs' Counsel

Plaintiffs' Counsel represent that they have conducted extensive formal and informal discovery and investigation during the development, prosecution and resolution of the Actions, including without limitation: (i) consulting with statistical experts related to the stock option granting patterns alleged in the Actions; (ii) conducting a private investigation related to the allegations of the Actions; (iii) inspecting, analyzing and reviewing Medarex's SEC filings, press releases, announcements, transcripts of conference calls, Form 4 and Form 5 filings by the

11

Defendants related to stock option grants, financial filings and news articles; (iv) identifying, analyzing and depicting graphically each and every Medarex stock option grant made to the Defendants during the relevant period; (v) drafting and filing the complaints filed in the Actions; (vi) participating in extensive settlement discussions with counsel for Medarex and the Defendants; and (vii) reviewing thousands of pages of public and non-public documents regarding the stock option granting practices of the Company.

IV.    **Defendants' Denials of Wrongdoing and Liability**

Defendants and Medarex have denied, asserted numerous defenses to, and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. Defendants and Medarex also have denied and continue to deny the allegations that any of the Plaintiffs or Medarex have suffered any damages. Defendants and Medarex have also expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. Each of the Defendants and Medarex have denied and continue to deny, *inter alia*, the allegations concerning any alleged breach of fiduciary duty, misappropriation and/or waste of corporate assets, unjust enrichment, and any other alleged act of wrongdoing or omission. The Defendants and Medarex have further asserted, and continue to assert that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of Medarex and Past or Present Medarex Stockholders (as that term is defined in Section I hereof).

Nonetheless, Defendants and Medarex have concluded that further litigation would be protracted and expensive not only to them, but also to Medarex and Past or Present Medarex Stockholders. Defendants and Medarex also consider there to be uncertainty and risks inherent

12

in litigation, especially in complex shareholder litigation such as the Actions. As a result, Defendants and Medarex have determined that it is desirable and beneficial that the Actions be finally and fully settled in the manner and upon the terms and conditions set forth in this Stipulation.

**V.     Claims of Plaintiffs and Benefits of Settlement**

Based on Plaintiffs' Counsels' investigation of the facts and their legal analysis, Plaintiffs believe that the claims asserted in the Actions have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex shareholder litigation such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof concerning, and the possible defenses to, the alleged violations asserted in the Actions. Plaintiffs believe that the Settlement confers substantial benefits upon Medarex and Past or Present Medarex Stockholders. Based on their evaluation and their substantial experience in this area of the law, Plaintiffs' Counsel have also determined that the Settlement is in the best interests of Medarex and Past or Present Medarex Stockholders.

**VI.    Terms of Stipulation and Agreement of Settlement**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (individually and derivatively on behalf of Medarex), the Defendants, and Medarex, by and through their respective counsel of record, that, subject to the approval of the Court, the Actions and the Settled Claims shall be finally and fully compromised, settled and

13

released, and the Actions shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

As a result of the initiation, prosecution, and settlement of the Actions, as well as the Special Committee's investigation and recommendations, and in addition to the actions taken with respect to certain current and former officers and directors, set forth above, Medarex has already adopted, or agreed to adopt, the following corporate governance practices:

1.      Pursuant to agreements reached with the Company dated November and December 2006, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated options, if exercised, and interest thereon; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471, and the total value of such repricings reflect potential additional proceeds to Medarex in the approximate amount of $8,113,847.

2.      On January 25, 2007, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008. The Amended 2007 Grant Policy adopted by the Board contained numerous policy and procedure improvements that are incorporated herein by reference; and

3.      Defendants and Medarex agree that on or before the Effective Date the Board shall adopt the following additional corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees:

14

a.     *Annual Review of Stock Option Procedures.*  On the basis of the annual evaluation required of the Company's Chief Financial Officer and General Counsel by the 2007 Grant Policy, the Company shall publicly disclose any material weaknesses in internal control over financial reporting as of the end of the period covered by the review.

b.     *Retention of Stock Option Records.*  The Company shall retain all records relating to all stock option grants until at least seven years after the date of the stock options grants of the pertinent stock options.

c.     *Trading Compliance.*  The Board shall designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

## VII.   Preliminary Order and Final Hearing

1.     Within five (5) business days following the execution of the Stipulation, the Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Order.  The application shall ask the Court to: (i) preliminarily approve settlement of the Action on the terms set forth in this Stipulation; (ii) determine whether and to whom Notice of the settlement of the Action is to be given; and (iii) approve as adequate the form and proposed method of Notice, which shall include the general terms of the Settlement set forth in the Stipulation and the time, date and location of the Final Hearing.

2.     The 8-K Notice shall be published once by Medarex in a Form 8-K to be filed by Medarex with the SEC within ten (10) days of the entry of the Preliminary Order, and the Publication Notice shall be published once by Medarex in Investors Business Daily within

15

fourteen (14) days of the entry of the Preliminary Order, or in such other manner as the Court directs.

      3.     The cost of publishing Notice ordered by the Court, if any, shall be borne by Medarex, and Medarex shall undertake administrative responsibility for publishing the 8-K Notice and the Publication Notice.

## VIII.  Dismissal of the Federal Action

      Within seven (7) days of the entry of the Judgment, the parties to the Federal Action shall file in the Federal Court a Stipulation and Order of Voluntary Dismissal With Prejudice substantially in the form attached hereto as Exhibit D.

## IX.  Release

      1.     Upon the Effective Date, Plaintiffs and Plaintiffs' Counsel (on their own behalf and derivatively on behalf of Medarex), Medarex and Past or Present Medarex Stockholders (derivately on behalf of Medarex) shall fully, finally and forever release, relinquish and discharge all Settled Claims against each and all of the Defendants and their Related Persons, and be forever barred from raising or asserting any of the Settled Claims against the Defendants and their Related Persons, or any of them.  The Plaintiffs and Plaintiffs' Counsel (on their own behalf and derivatively on behalf of Medarex), Medarex and Past or Present Medarex Stockholders (derivatively on behalf of Medarex) agree to never sue any of the Defendants or their Related Persons on any of the Settled Claims.

      2.     Upon the Effective Date, Defendants and their Related Persons shall fully, finally and forever release, relinquish and discharge Medarex, Plaintiffs, and Plaintiffs' Counsel from any and all claims arising out of or relating to the institution, prosecution, assertion, settlement or

resolution of the Actions and the Settled Claims, except as otherwise provided in this paragraph. Defendants and their Related Persons agree never to sue Medarex, Plaintiffs, or Plaintiffs' Counsel on any claims arising out of or relating to the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims, except as otherwise provided in this paragraph. Nothing in this paragraph shall affect, impair, reduce or enlarge the right of any Defendant to indemnification for attorney's fees and expenses incurred in the Actions prior to the Effective Date, incurred in connection with the settlement of the Actions, incurred in connection with the enforcement of this Stipulation or any Judgment or incurred in connection with any other matter or issue arising out of or relating to their employment for or service on the Board of Medarex. Further, nothing in this paragraph shall affect, impair or reduce the rights of any Defendant under any applicable insurance policy or other agreement. Notwithstanding any contrary provisions of this paragraph or of any other provision of this Stipulation, nothing herein shall be construed so as to bar or impair any claim or cause of action by the Defendants, or any of them, for breach of this Stipulation.

3.     Upon the Effective Date, Medarex and its Related Persons shall fully, finally and forever release, relinquish and discharge Plaintiffs and Plaintiffs' Counsel from any and all claims arising out of or relating to the institution, prosecution, assertion, settlement or resolution of the Actions and the Settled Claims.

4.     The releases contemplated by this Stipulation extend to claims that any parties granting a release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known might have affected the Releasing Parties' decision to enter into this release. The Releasing Parties will be deemed to relinquish, to the extent applicable and to the

17

full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California

Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Parties will be deemed to relinquish, to the extent applicable, and to

the fullest extent permitted by law, the provisions, rights and benefits of any law of any state or

territory of the United States, federal law, or principle of common law, which is similar,

comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties

acknowledge that the Releasing Parties may discover facts in addition to or different from those

now known or believed to be true with respect to the Settled Claims, but that it is the intention of

the Releasing Parties to hereby completely, fully, finally and forever compromise, settle release,

discharge and extinguish any and all Settled Claims, known or unknown, suspected or

unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard

to the subsequent discovery or existence of additional or different facts. The Releasing Parties

hereby voluntarily waive the provisions, rights and benefits of Section 1542 of the California

Civil Code and the provisions, rights and benefits of any law of any state or territory of the

United States, federal law or principle of common law, which is similar, comparable or

equivalent to Section 1542 of the California Civil Code.

X.    **Plaintiffs' Counsel's Fee Award**

    1.    At the Final Hearing, Plaintiffs' Counsel will request that the Court approve the

agreed-to Fee Award for their efforts in filing, prosecuting and settling the Actions. Medarex

agrees to pay, subject to Court approval, the Fee Award in the amount of $2,000,000.

2.     Medarex shall cause the agreed-to Fee Award to be paid to Lead Plaintiffs' Counsel by Medarex's insurance carrier within ten (10) business days following the entry of the Judgment, in accordance with instructions provided by Lead Plaintiffs' Counsel acting as receiving agent for Plaintiffs' Counsel, subject to Plaintiffs' Counsel's joint and several obligations to make appropriate refunds or repayments of the Fee Award, and any interest accruing thereon, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee Award is reduced or reversed, or the Effective Date (as defined in Section XI hereof) does not occur. Plaintiffs' Counsel, as a condition of receiving any portion of the Fee Award, on behalf of the law firm entity and each partner thereof, explicitly agrees to repay any portion of the Fee Award if it is reversed or modified on appeal, or the Effective Date does not occur. Plaintiffs' Counsel further agrees that its partners are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

3.     The Fee Award shall be allocated among Plaintiffs' Counsel in a fashion which, in the good faith opinion of Lead Plaintiffs' Counsel, fairly compensates counsel for their respective contributions in the institution, prosecution and resolution of the Actions. Neither Medarex, nor Defendants, nor their respective Related Persons, shall have any responsibility for, or incur liability whatsoever with respect to: (i) any dispute or issue any Person may have with respect to the Fee Award or any allocation thereof between or among counsel for Plaintiffs, or (ii) any claim by any other Person to any portion of the Fee Award.

4.     In the event that the Effective Date does not occur, the Judgment or the Order making the Fee Award is reversed or modified on appeal, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee Award has been paid to any extent,

19

Plaintiffs' Counsel shall within five (5) business days from the event precluding the Effective Date from occurring, refund to Medarex any portion of the Fee Award previously paid to them.

**XI.** **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

    1.    The Effective Date of the Stipulation is conditioned on the occurrence of all of the following events:

        a.    Medarex has certified that it has received the repayments under the agreements referenced in paragraph VI.1, *supra*;

        b.    The Court has entered the Preliminary Order or such other order substantially in the form of Exhibit A attached hereto;

        c.    The Notice, or such other notice substantially in the form of Exhibits B and B-1 attached hereto, has been disseminated in accordance with the terms of this Stipulation;

        d.    The Court has entered the Judgment, or such other judgment substantially in the form of Exhibit C attached hereto;

        e.    The Judgment has become Final;

        f.    The Fee Award has been paid to Plaintiffs' Counsel in accordance with Section X hereof; and

        g.    The Federal Court has entered in the Federal Action the Stipulation and Order of Voluntary Dismissal With Prejudice, or such other order substantially in the form of Exhibit D attached hereto.

    2.    If any of the conditions specified in the preceding paragraph is not met, the Effective Date will not occur and the Stipulation shall be cancelled and terminated unless the Settling Parties mutually agree in writing to proceed with the Settlement.

    3.    In the event that the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Actions as of the Stipulation Date. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the

Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

4.      No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of the fees and expenses awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

## XII.   Miscellaneous Provisions

1.      The Settling Parties: (i) acknowledge that it is their intent to consummate the Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

2.      The Settling Parties intend this Settlement to be a final and complete resolution of all claims that were or could have been brought by or on behalf of Medarex in the Actions, that the Final Judgment have a *res judicata* effect as to all claims and issues that have or could have been raised by or on behalf of Medarex in the Actions, and that the Final Judgment have preclusive effect in all pending and future lawsuits asserting Settled Claims. Accordingly, the Settling Parties agree that the terms of the Stipulation reflect a good-faith settlement of the Actions, reached voluntarily after consultation with experienced counsel.

3.      Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants and Released Parties; or (ii) is or may be deemed to be or may be used as an

21

admission of, or evidence of, any fault or omission of any of the Defendants and Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against any, all or each of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4.    Notwithstanding any contrary provisions hereof, Plaintiffs, Plaintiffs' Counsel or any Past or Present Medarex Stockholder may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

5.    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

6.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. When required by law, any amendment or modification shall be approved by the Court.

7.    This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Settling Parties (and Plaintiffs' Counsel), Medarex and the Defendants. The Settling Parties further agree that this Stipulation and settlement shall supersede any prior agreement concerning the subject matter hereof.

8.    Plaintiffs and Plaintiffs' Counsel enter into this Stipulation and expressly authorize Lead Plaintiffs' Counsel to take all appropriate action required or permitted to be taken by Plaintiffs or Past or Present Medarex Stockholders pursuant to the Stipulation in order to

effectuate its terms.

9.      Each counsel or other person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

10.     The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

11.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

12.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

13.     This Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to choice of law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, on August 28, 2008.


Dated: August 28, 2008                    SCHIFFRIN BARROWAY TOPAZ
                                          & KESSLER, LLP

                                          _____
                                          Eric L. Zagar
                                          Michael C. Wagner

                                          23

James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August **29**, 2008

TRUJILLO RODRIGUEZ & RICHARDS, LLC

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel:  (856) 795-9002
Fax:  (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August ____, 2008

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs.*

Dated: August ____, 2008

MCCARTER & ENGLISH LLP

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August _____, 2008

TRUJILLO RODRIGUEZ & RICHARDS, LLC

_____

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August 9/2 _____, 2008

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

_____

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: August _____, 2008

MCCARTER & ENGLISH LLP

_____

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

James H. Miller
286 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: August ___, 2008

TRUJILLO RODRIGUEZ & RICHARDS, LLC

Lisa J. Rodriguez
8 West Kings Highway
Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: August ___, 2008

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

Darren J. Robbins
Travis E. Downs III
655 West Broadway
Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: August 23, 2008

MCCARTER & ENGLISH LLP

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

24

Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Dated: August 27, 2008

KRAMER LEVIN NAFTALIS & FRANKEL
LLP

Norman C. Simon
1177 Avenue of the Americas
New York, New York  10036
Tel: (212) 558-4000
Fax: (212) 715-9238

*Counsel for Defendant Michael A. Appelbaum*

Dated: August ____, 2008

PROSKAUER ROSE LLP

Karen E. Clarke
Margaret A. Dale
PROSKAUER ROSE LLP

25

Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Defendants Medarex, Inc.,
Abhijeet J. Lele, Ronald J. Saldarini, Robert C.
Dinerstein, Nils Lonberg, Randall Curnow and
Yashwant Deo.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants Medarex, Inc.,
Abhijeet J. Lele, Ronald J. Saldarini, Robert C.
Dinerstein, Nils Lonberg, Randall Curnow and
Yashwant Deo.*

Dated: August ____, 2008                KRAMER LEVIN NAFTALIS & FRANKEL
                                        LLP

                                        _____

                                        Norman C. Simon
                                        1177 Avenue of the Americas
                                        New York, New York  10036
                                        Tel: (212) 558-4000
                                        Fax: (212) 715-9238

                                        *Counsel for Defendant Michael A. Appelbaum*

Dated: August 27, 2008                  PROSKAUER ROSE LLP

                                        _____
                                        Karen E. Clarke
                                        Margaret A. Dale
                                        PROSKAUER ROSE LLP

25

1585 Broadway
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Counsel for Defendants Donald L. Drakeman
and Lisa N. Drakeman*

Dated: August ⟩⟩, 2008

DECHERT LLP

David A. Kotler
Robert J. Jossen
Michael J. Gilbert
Princeton Pike Corporate Center
997 Lenox Drive, Building 3, Suite 210
Lawrenceville, New Jersey 08648
Tel:  (609) 620-3200
Fax:  (609) 620-3259

*Counsel for Defendant Irwin Lerner*

Dated: August _____, 2008

GIBBONS P.C.

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Counsel for Defendant W. Bradford
Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel:  (212) 468-8128
Fax:  (212) 468-7900

*Counsel for Defendant W. Bradford*

26

1585 Broadway
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Counsel for Defendants Donald L. Drakeman
and Lisa N. Drakeman*

Dated: August _____, 2008                    DECHERT LLP

David A. Kotler
Robert J. Jossen
Michael J. Gilbert
Princeton Pike Corporate Center
997 Lenox Drive, Building 3, Suite 210
Lawrenceville, New Jersey 08648
Tel:  (609) 620-3200
Fax:  (609) 620-3259

*Counsel for Defendant Irwin Lerner*

Dated: August **25**, 2008                    GIBBONS P.C.

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Counsel for Defendant W. Bradford
Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel:  (212) 468-8128
Fax:  (212) 468-7900

*Counsel for Defendant W. Bradford*

26

*Middlekauff*

Dated: August 22, 2008

LOWENSTEIN SANDLER PC

Gregory B. Reilly
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Defendant Christian S. Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3020
Fax: (212) 492-0092

*Counsel for Defendant Christian S. Schade*

CONNELL FOLEY LLP

Dated: August _____, 2008

Liza M. Walsh
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8258
Fax: (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

TOMPKINS MCGUIRE WACHENFELD &

27

*Middlekauff*

Dated: August _____, 2008

LOWENSTEIN SANDLER PC

_____
Gregory B. Reilly
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Counsel for Defendant Christian S. Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3020
Fax:  (212) 492-0092

*Counsel for Defendant Christian S. Schade*

CONNELL FOLEY LLP

_____
Liza M. Walsh
85 Livingston Avenue
Roseland, New Jersey 07068
Tel:  (973) 535-0500
Fax:  (973) 535-9217

Dated: August 17, 2008

*Counsel for Defendant Charles R. Schaller*

Benito Romano
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel:  (212) 728-8258
Fax:  (212) 728-9258

*Counsel for Defendant Charles R. Schaller*

TOMPKINS MCGUIRE WACHENFELD &

27

Dated: August 27, 2008

BARRY

_William H. Trousdale_ VHr

William H. Trousdale
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
Tel: (973) 623-7893
Fax: (973) 623-7780

*Counsel for Defendant Julius A. Vida*


Michael D. Trager
Richard L. Jacobson
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 924-5999


*Counsel for Defendant Julius A. Vida*

28

Dated: _9/2_, 2008

STULL, STULL & BRODY

_Jules Brody / EZZ_

Jules Brody
Aaron Brody
James E. Lahm
6 East 45th Street
New York, NY  10017
Tel: (212) 687-7230
Fax: (212) 490-2022

*Co-Lead Counsel for the Federal Plaintiffs*

Dated: _9/2_, 2008

WEISS & LURIE

_Joseph Weiss / EZZ_

Joseph H. Weiss
551 Fifth Avenue
Suite 1600
New York, NY
Tel: (212) 682-3025
Fax: (212) 682-3010

*Co-Lead Counsel for the Federal Plaintiffs*

29

# EXHIBIT A

JAMES BLEVINS and ALBERT
HALEGOUA, Derivatively on Behalf
of Nominal Defendant MEDAREX, INC.,

              Plaintiffs,

              v.

MICHAEL A. APPELBAUM, RANDALL
T. CURNOW, YASHWANT M. DEO,
DONALD L. DRAKEMAN, LISA N.
DRAKEMAN, PATRICIA M. DANZON,
IRWIN LERNER, NILS LONBERG,
W. BRADFORD MIDDLEKAUFF,
RONALD J. SALDARINI, CHRISTIAN S.
SCHADE, CHARLES R. SCHALLER, and
JULIUS A. VIDA,

              Defendants,

              and

MEDAREX, INC.,

              Nominal Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION:
MERCER COUNTY

CASE NO.: MER-C-26-08



## [PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT

Plaintiffs and Nominal Defendant, having made an application pursuant to N.J. Court

Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, for an Order preliminarily

approving the settlement (the "Settlement") of the above-captioned Action and the related

Federal Action in accordance with the Stipulation of Settlement entered into by the Settling

Parties, dated as of August 28, 2008 (the "Stipulation"), which, together with the related

documents filed contemporaneously therewith, sets forth the terms and conditions for the

proposed Settlement of the Action, and which provides for ultimate dismissal of the Action with

prejudice. The Court having read and considered the Stipulation and accompanying documents,

and all Settling Parties having consented to the entry of this Order:

NOW, THEREFORE, this _26th_ day of _September_, 2008, upon application of the Parties, IT IS HEREBY ORDERED as follows:

1.      Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2.      The Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, provides substantial value to the Company, and falls within the range of possible approval and, therefore, merits further consideration.

3.      The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders.

4.      The Court has scheduled a Settlement Hearing, which will be held on _November 18_, 2008, at _10:00_ m., at The Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Fourth Floor, Trenton, NJ 08650, to:

a.      determine whether to finally approve the Settlement pursuant to Rule 4:32-3 as fair, reasonable, adequate, and in the best interests of the Company and Medarex stockholders;

b.      consider an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all Settled Claims;

c.      consider Plaintiffs' Counsel's request for an award of attorneys' fees to be paid by Medarex's insurer as caused by Medarex; and

d.      hear other such matters as the Court may deem necessary and appropriate.

5.      The Court reserves the right to adjourn the Settlement Hearing or modify any of

the dates set forth herein without further notice to Medarex stockholders

　　　6.　　The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties to the Action and without further notice to Medarex stockholders.

　　　7.　　The Court approves, as to form and content, the Notice and Summary Notice, annexed as Exhibits B and B-1, respectively, to the Stipulation, and finds that the giving of notice as specified herein meets the requirements of N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and shall constitute due and sufficient notice of the Settlement Hearing and all other matters referred to in the Notice and Summary Notice to all persons entitled to receive notice of the Settlement Hearing.

　　　8.　　All costs incurred in identifying and notifying the Company's shareholders of the Settlement, including the filing and publishing of the Notice and Summary Notice, shall be paid by the Company.  Medarex shall undertake the administrative responsibility for providing notice to the Company's shareholders in accordance with paragraph 9 below.

　　　9.　　No later than _October 6_, 2008, Medarex shall cause a copy of the Notice, substantially in the form annexed as Exhibit B to the Stipulation, to be filed electronically with the SEC via Form 8-K, and shall cause the Summary Notice, substantially in the form annexed as Exhibit B-1 to the Stipulation, to be published once in Investors' Business Daily.

　　　10.　　At least seven (7) days prior to the Settlement Hearing, Medarex's Counsel shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of such filing and publication.

　　　11.　　All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and

- 3 -

suspended until further Order of this Court. Pending final determination of whether the Stipulation should be approved, Plaintiffs, the Company, and all of the Company's shareholders, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any Released Parties.

12.     Any Medarex shareholder may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, or why attorneys' fees should not be awarded to Plaintiffs' Counsel; provided, however, that no Medarex shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel unless that person files and serves his, her, or its objection in accordance with the terms and conditions in the Notice.

13.     If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, a Final Order shall be entered as described in the Stipulation.

14.     If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Action shall proceed, completely without prejudice to any party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court, and neither the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, nor the negotiation thereof by any of the Settling Parties shall be deemed an admission or offered or received in evidence at any proceeding in the Action or any other action or proceeding.

IT IS SO ORDERED.

- 4 -

Case 3:06-cv-05523-FLW-TJB   Document 49   Filed 12/01/08   Page 48 of 85 PageID: 1528

DATED: _September 26, 2008_          J. _Maria Marinari Sypek, J.S.C._

# EXHIBIT B

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC.,      ) ) ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |
| Plaintiffs,     ) ) | |
| v.     ) ) | CASE NO.: MER-C-26-08 |
| MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, PATRICIA M. DANZON, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA,     ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants,     ) ) | |
| and     ) ) | |
| MEDAREX, INC.,     ) ) | |
| Nominal Defendant.     ) ) | |

| | |
|---|---|
| In re MEDAREX , INC. DERIVATIVE LITIGATION     ) ) ) ) ) ) ) ) | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| | No.06-cv-5523 (FLW) |

## NOTICE OF PENDENCY AND SETTLEMENT
## OF DERIVATIVE ACTION AND OF FINAL HEARING

**TO: ALL HOLDERS OF THE COMMON STOCK OF MEDAREX, INC. ("MEDAREX" OR "COMPANY") AS OF AUGUST 28, 2008.  PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  YOUR RIGHTS WILL BE AFFECTED.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A SHAREHOLDER DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN.**

## I.     WHY YOU ARE RECEIVING THIS NOTICE

This Notice of Pendency and Settlement of Derivative Action and of Final Hearing ("Notice") is given pursuant to New Jersey Court Rule 4:32-2(e), as made applicable to this action (the "Action") by Rule 4:32-3, and by an Order of the Superior Court of New Jersey, Chancery Division, Mercer County (the "Court").  The purpose of this Notice is to advise you that a shareholder derivative action is now pending in the Court relating to Medarex and that the parties thereto have entered into a Stipulation of Settlement (the "Stipulation"), dated as of August 28, 2008 (the "Stipulation Date"), reflecting a settlement (the "Settlement"), subject to Court approval, which would fully, finally and forever resolve the Action on the terms and conditions summarized in this Notice and that a final hearing ("Final Hearing") will be held on _____ , 2008, before the Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Trenton, NJ 08650.

THIS IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION, OR THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.

## II.    BACKGROUND – WHAT THIS SETTLEMENT IS ABOUT

The original action ("Original Action") was commenced in the Court on June 6, 2006, with the filing of the complaint in *Halegoua v. Appelbaum, et al.,* No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County), which was later consolidated with the action styled *Blevins v. Appelbaum, et al.,* No. C-76-06 (Super. Ct. of NJ, Chancery Div., Mercer County), filed with the Court on June 7, 2006, and re-styled as *In re Medarex Derivative Litigation,* Consolidated Case No. C-73-06 (Super. Ct. of NJ, Chancery Div., Mercer County).

The *Halegoua* and *Blevins* complaints contained substantially similar factual allegations that the Individual Defendants, each of whom is a present or former director and/or senior officer of Medarex, breached their fiduciary duties to Medarex by improperly backdating options, improperly recording and accounting for backdated stock options at Medarex, and producing false financial statements and other false United States Securities and Exchange Commission ("SEC") filings, and other acts complained of therein.

On June 15, 2006, the Board of Directors of Medarex (the "Original Board"), consisting namely of defendants Irwin Lerner, Charles R. Schaller, Julius A. Vida, Donald L. Drakeman, Michael A. Appelbaum, Patricia M. Danzon, and Ronald J. Saldarini as of June 6, 2006, announced that it had appointed a special committee ("Special Committee") to conduct an investigation of Medarex's historical stock option grant practices and related accounting treatment.  The Original Board also appointed one of its outside directors, Defendant Saldarini, to oversee the Special Committee's investigation.  The Special Committee retained outside legal counsel, computer forensic experts, and an outside forensic accounting firm to assist in its investigation.

On August 4, 2006, the Court consolidated the *Halegoua* and *Blevins* actions, appointed Albert Halegoua and James Blevins ("State Plaintiffs") as lead plaintiffs ("Lead Plaintiffs") and

2

appointed Schiffrin Barroway Topaz & Kessler, LLP as Lead Plaintiffs' Counsel.  The State
Plaintiffs subsequently filed their consolidated complaint ("Consolidated Complaint").

On August 18, 2006, Medarex disclosed in a Form 8-K filed with the SEC that the
Special Committee had concluded that "the correct measurement dates for certain stock option
grants made by the company during the period 1997 to 2001 differ from the measurement dates
[the Company] previously used to account for such option grants."  On September 13, 2006, the
Board of Directors of Medarex ("Board" meaning the Board of Directors of Medarex as it exists
on the Stipulation Date) expanded from seven to nine members and appointed two new directors,
Robert C. Dinerstein and Abhijeet J. Lele, who were immediately appointed to the Special
Committee.  On November 5, 2006, Medarex replaced Satterlee Stephens Burke & Burke, LLP
with Cooley Godward Kronish, LLP as outside securities counsel.

On November 16, 2006, Jack Frieman and Marilyn Frieman filed in the United States
District Court for the District of New Jersey (the "Federal Court") a complaint styled *Frieman et
al. v. Applebaum et al.*, Case No. 3:06-cv-05523-FLW-TJB (the "Federal Action" and
collectively with the Original Action and the Action, the "Actions").  Subsequently, Charles J.
Gallic and Peter G. Beidler (collectively with Jack Frieman and Marilyn Frieman the "Federal
Plaintiffs") filed similar actions in the Federal Court which were consolidated into the Federal
Action on April 18, 2007.

In November and December 2006, pursuant to agreements reached with the Company
and pursuant to the Special Committee's investigation, findings and recommendations, certain of
the Defendants and certain other officers, directors and employees of Medarex agreed to: (i)
repay to the Company the value of any discount they enjoyed from grants of misdated options, if
exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price
prescribed by the Company's stock option plans.  On November 5, 2006, Defendant Donald L.
Drakeman resigned as President, Chief Executive Officer, and director of Medarex effective
November 5, 2006, having held those positions since the Company's founding in 1987.  Also on
November 5, 2006, Defendant Michael A. Applebaum resigned effective immediately as a
director of Medarex, having served as the Company's Chief Financial Officer and director from
1991 to 2000 and as a director since 2000.  Additionally, two Defendants – Chief Financial
Officer Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed
to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year
period ending June 30, 2007.  The Special Committee reported that it found no evidence
demonstrating fraud or willful misconduct on the part of the Company or its current or former
management.

Starting in late December 2006, Plaintiffs' Counsel engaged in lengthy and extensive
settlement discussions with counsel for Medarex.  In the months following, counsel for Medarex
and Lead Plaintiffs' Counsel conducted numerous settlement discussions, in person and by
telephone, and Medarex produced to Lead Plaintiffs' Counsel substantial non-public
documentation concerning the Special Committee's investigation.

On January 25, 2007, pursuant to the Special Committee's findings and
recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options
and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers

3

and Employees. The policy was amended on October 25, 2007 and January 31, 2008 (the "Amended 2007 Grant Policy").

On September 15, 2007, Counsel for the Settling Parties attended a mediation before the Honorable Nicholas H. Politan (Ret.). However, the Settling Parties were unable to reach a resolution of the Actions at the mediation. The State Plaintiffs filed an amended consolidated complaint with the Court on October 22, 2007.

At a February 13, 2008 status conference, the Honorable Neil H. Shuster, who presided over the Original Action, attempted to mediate a resolution of the litigation, and notified the parties to the Original Action of his intention to retire. On the recommendation of Judge Shuster and purely for the Court's administrative purposes, State Plaintiffs and Defendants agreed voluntarily to dismiss the Original Action without prejudice and commence the instant Action. Plaintiffs commenced the Action in this Court on February 21, 2008. Following the filing of the complaint in the Action, but before Defendants were scheduled to respond thereto, the Settling Parties continued to engage in settlement discussions toward resolving the litigation, culminating in the Settlement.

Plaintiffs in the Actions are referred to herein as the Plaintiffs. All named defendants in the Action are referred to herein as the Individual Defendants. The Individual Defendants and nominal defendant Medarex are collectively referred to herein as Defendants. The Plaintiffs, the Individual Defendants and Medarex shall be referred to herein as the Settling Parties. As a part of the Settlement, the Federal Action will be dismissed.

Based on Plaintiffs' Counsels' investigation of the facts and their legal analysis, Plaintiffs believe that the claims asserted in the Actions have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex shareholder litigation such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof concerning, and the possible defenses to, the alleged violations asserted in the Actions. Plaintiffs believe that the Settlement confers substantial benefits upon Medarex and Past or Present Medarex Stockholders. Based on their evaluation and their substantial experience in this area of the law, Plaintiffs' Counsel have also determined that the Settlement is in the best interests of Medarex and Past or Present Medarex Stockholders.

Defendants and Medarex have denied, asserted numerous defenses to, and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. Defendants and Medarex also have denied and continue to deny the allegations that any of the Plaintiffs or Medarex have suffered any damages. Defendants and Medarex have also expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. Each of the Defendants and Medarex have denied and continue to deny, *inter alia*, the allegations concerning any alleged breach of fiduciary duty, misappropriation and/or waste of corporate assets, unjust enrichment, and any other alleged act of wrongdoing or omission. The Defendants and Medarex have further asserted, and continue to assert that at all relevant times,

4

they acted in good faith and in a manner they reasonably believed to be in the best interests of Medarex and Past or Present Medarex Stockholders.

Nonetheless, Defendants and Medarex have concluded that further litigation would be protracted and expensive not only to them, but also to Medarex and Past or Present Medarex Stockholders. Defendants and Medarex also consider there to be uncertainty and risks inherent in litigation, especially in complex shareholder litigation such as the Actions. As a result, Defendants and Medarex have determined that it is desirable and beneficial that the Actions be finally and fully settled in the manner and upon the terms and conditions set forth in the Stipulation.

*The Court has not determined the merits of Plaintiffs' claims or Defendants' defenses.* This Notice does not, and is not intended to, imply that there have been or would be any findings of a violation of law by Defendants or that recovery could be had in any amount if the litigation were not settled.

## III.    TERMS OF THE PROPOSED SETTLEMENT

The terms and conditions of the proposed Settlement are set forth in the Stipulation, which has been filed of record with the Court in the Action. The Defendants acknowledge and agree that the pendency and prosecution of the Actions was a material factor underlying the Company adopting, or agreeing to adopt, the changes set forth below with respect to the Company's corporate governance practices:

1.      Pursuant to agreements reached with the Company dated November and December 2006, certain of the Defendants and certain other officers, directors and employees of Medarex agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated stock options, if exercised, and interest thereon; (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471 and the total value of such repricings reflect potential additional proceeds to Medarex in the approximate amount of $8,113,847;

2.      On January 25, 2007, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and the Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008. The Amended 2007 Grant Policy adopted by the Board contained numerous policy and procedure improvements that are incorporated herein by reference; and

3.      Defendants and Medarex agree that on or before the Effective Date the Board shall adopt the following additional corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees:

a.      *Annual Review of Stock Option Procedures.* On the basis of the annual evaluation required of the Company's Chief Financial Officer and General Counsel by the 2007 Grant Policy, the Company shall publicly disclose any material weaknesses in internal control over financial reporting as of the end of the period covered by the review.

      b.     *Retention of Stock Option Records.*  The Company shall retain all records relating to all stock option grants until at least seven years after the date of the stock options grants of the pertinent stock options.

      c.     *Trading Compliance.*  The Board shall designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

## IV.   WHAT CLAIMS THE SETTLEMENT WILL RELEASE

      If the Settlement is approved by the Court, then upon the effective date of the Settlement, Plaintiffs, on behalf of Medarex and Past or Present Medarex Stockholders, shall be deemed to have and shall have, fully, finally, and forever released all claims that have been or could have been alleged in the Actions or that arise out of, arise in connection with or are related to the Company's historical stock option practices, including any unknown claims against the Individual Defendants and Medarex.  In addition, upon the effective date of the Settlement, each of the Individual Defendants and Medarex shall have fully, finally and forever released Plaintiffs, Plaintiffs' Counsel, and the Company from any and all claims, including unknown claims, which any of them may have against the Plaintiffs, Plaintiffs' Counsel or the Company, that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims.  The release does not release Medarex from its statutory or contractual indemnity obligations to the Individual Defendants.

## V.   ATTORNEYS' FEE AWARD

      At the Final Hearing, Plaintiffs' Counsel will request that the Court approve the agreed-to fee award ("Fee Award") for their efforts in filing, prosecuting and settling the Actions. Defendants and Medarex agree to cause Medarex's insurer to pay, subject to Court approval, the Fee Award in the amount of $2,000,000.  Plaintiffs' Counsel have not received any fee to date, nor have they been reimbursed for their out-of-pocket expenses.  The Fee Award would compensate Plaintiffs' Counsel for the substantial benefits achieved in the Actions and the risks they undertook to represent the Plaintiffs on a fully-contingent basis.

## VI.   FINAL HEARING AND YOUR RIGHT TO BE HEARD

      Medarex stockholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement at the Final Hearing to be held before the Superior Court of New Jersey, Chancery Division, Mercer County, 210 South Broad Street, Trenton, NJ 08650. You are not required to retain your own counsel, but if you choose to do so, it will be at your own expense.  In no event shall any person be heard in opposition to the Settlement, and in no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless by _____, 2008 such person (i) files with the Clerk of the Court at the addresses below notice of such person's intention to appear, showing proof that such person is a Medarex stockholder, including the number of shares of Medarex common stock held and the date of purchase, and providing a statement that

indicates the basis for such appearance, the nature of such objection, the identities of any witnesses that such person plans to call at the Final Hearing, and any documentation in support of any objection, and (ii) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such person files with the Court, in person or by mail upon:

Michael C. Wagner
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania  19087
Telephone:  (610) 667-7706

*Attorneys for Plaintiffs James Blevins and Albert Halegoua*

-and-

William J. Snipes
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone:  (212) 558-4000

*Attorneys for Nominal Defendant Medarex, Inc.*

## VII.   FURTHER INFORMATION

Further information regarding the Action and this Notice may be obtained by contacting counsel for Plaintiffs:

Michael C. Wagner
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania  19087
Telephone:  (610) 667-7706

The pleadings and other records of the Action may be examined and copied at any time during regular office hours at:

Clerk of Court
Superior Court of New Jersey, Chancery Division
210 South Broad Street, Trenton, NJ 08650

**Please Do Not Telephone the Court or the Clerk's Office Regarding this Notice.**

7

DATED: _____, 2008

BY ORDER OF THE
SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MERCER COUNTY

# EXHIBIT B-1

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, PATRICIA M. DANZON, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA, )<br><br>Defendants, )<br><br>and )<br><br>MEDAREX, INC., )<br><br>Nominal Defendant. ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY<br><br>CASE NO.: MER-C-26-08 |

| | |
|---|---|
| In re MEDAREX , INC. DERIVATIVE LITIGATION ) | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>No. 06-cv-5523 (FLW) |

## TO:   ALL HOLDERS OF MEDAREX, INC. COMMON STOCK

THIS NOTICE IS GIVEN pursuant to an Order of the Superior Court of New Jersey, Chancery Division, Mercer County (the "Court"), dated _____, 2008, in the above-captioned putative derivative action (the "Action"). Plaintiffs ("Plaintiffs") brought claims in the Action and sought to pursue them derivatively on behalf of Medarex, Inc. ("Medarex" or the "Company").

YOU ARE HEREBY NOTIFIED, that a hearing (the "Final Hearing") will be held on _____, 2008 at ___.m. at the Mercer County Courthouse, Superior Court of New Jersey, Chancery Division, 210 South Broad Street, Fourth Floor, Trenton, NJ 08650, for the purpose of determining whether to approve the proposed Settlement of the Action brought on

1

behalf of Medarex against certain present and former directors and officers of Medarex. Plaintiffs in the Action asserted claims against the defendants ("Defendants"), based on allegations of, among other things, breaches of fiduciary duties in connection with Defendants' alleged backdating of stock option grants. *Because this is a shareholders' derivative action brought for the benefit of Medarex, no individual Medarex shareholder has the right to receive any individual compensation as a result of the settlement of the Action.*

The proposed Settlement, which is subject to Court approval, consists of certain Defendants and certain other officers, directors and employees of Medarex having agreed to: (i) repay to the Company the value of any discount they enjoyed from grants of misdated stock options, if exercised; and (ii) reprice their outstanding stock options to reflect the accurate exercise price prescribed by the Company's stock option plans. The total amount repaid to the Company by the foregoing individuals is approximately $1,387,471, and the total value of such repricings reflect potential proceeds to Medarex in the approximate amount of $8,113,847.

The proposed Settlement also consists of Medarex's Board of Directors (the "Board") adopting multiple corporate governance and internal control measures, which shall apply to grants of stock options to directors, Section 16 officers, and employees of Medarex. Specifically, these internal control measures include, among other things, policies regarding annual reviews of stock option procedures and retention of stock option granting records. The Board will also designate Company officers who shall have the responsibility and authority to ensure compliance with applicable laws, regulations and Company polices governing (i) the granting of stock options and (ii) trading in the Company's securities by employees, officers and directors.

On January 25, 2007, pursuant to a special committee (the "Special Committee") of the Medarex Board's findings and recommendations, the Board adopted a new Policy and Procedures for Granting of Stock Options and Other Equity-Based Incentives and Procedures for Grants of Equity to Directors, Officers and Employees. The policy was amended on October 25, 2007 and January 31, 2008 ("Amended 2007 Grant Policy"). The Amended 2007 Grant Policy resulted in policy and procedural improvements related to Medarex's stock option granting practices. Specifically, policies were adopted relating to the timing and granting of new hire and periodic grants, the timing and granting of annual grants, the exercise price of grants, the approval of grants by the Compensation Committee of the Board (the "Compensation Committee"), the timing and minutes of Compensation Committee meetings and the communication of stock option awards.

Further, on November 5, 2006, Defendant Donald L. Drakeman resigned as President, Chief Executive Officer, and director of Medarex and Defendant Michael A. Appelbaum resigned as a director of Medarex. Additionally, two current employee-Defendants – Chief Financial Officer ("CFO") Christian S. Schade and General Counsel and Secretary Bradford Middlekauff – agreed to forfeit their eligibility for bonuses, salary increases, and equity compensation for the one-year period ending June 30, 2007.

If you are a shareholder of Medarex, this Notice will inform you how you may enter your appearance in the Action, or object to the proposed dismissal and have your objection heard at the Final Hearing. If you are a Medarex shareholder, your rights may be affected by the dismissal of the Action. Any Medarex shareholder may file a written objection to the dismissal

2

with the Court, together with copies of any supporting paper and briefs upon which he or she intends to rely and a sworn statement attesting to the date of purchase by such person of his or her Medarex common stock and documentation of his or her continued ownership thereof. Any such objection must be filed with the Court and served on Plaintiffs' and Defendants counsel no later than _____, 2008, at the addresses below. Any objection to the dismissal must identify: (1) the name of the case; (2) the objector's name, address, and telephone number; and (3) the number of shares of Medarex common stock the objector currently owns and the date(s) of purchase, and filed with:

Clerk of Court
Superior Court of New Jersey, Chancery Division,
210 South Broad Street, P.O. Box 8068 Trenton, NJ 08650

In addition, such person shall serve and show due proof of service, on or before the aforesaid date, of copies of such objection or opposition, supporting papers and briefs, and sworn statement of purchase and continued ownership upon Plaintiffs' and Defendants' counsel at the addresses below.

Unless you follow the procedures outlined above, you may be barred from objecting to the dismissal. If you do not oppose the proposed dismissal, you need not appear at the Final Hearing.

You may obtain a copy of the detailed Notice of Pendency and Settlement of Derivative Action and Final Hearing, by contacting in writing the following counsel:

| | |
|---|---|
| Michael C. Wagner<br>SCHIFFRIN BARROWAY<br>TOPAZ & KESSLER, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Counsel for Plaintiffs | William J. Snipes<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Counsel for Defendants |

This Notice contains only a summary of the Action and the terms of the Settlement. For more details regarding the history of the Action and the Settlement, during regular business hours you may inspect at the office of the Clerk of Court the case files, including the pleadings, the Stipulation, and other papers and documents filed with the Clerk of Court.

If you have any questions regarding the proposed dismissal, please direct all questions to the above-referenced Plaintiffs' counsel, **PLEASE DO NOT CALL OR WRITE THE COURT.**

DATED: _____, 2008          BY ORDER OF THE SUPERIOR COURT OF
                                       NEW JERSEY, CHANCERY DIVISION,
                                       MERCER COUNTY

3

# EXHIBIT C

A True Copy

*Sue Regan*

**SUE REGAN**
Deputy Clerk of Superior Court

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |

JAMES BLEVINS and ALBERT
HALEGOUA, Derivatively on Behalf
of Nominal Defendant MEDAREX, INC.,      :     SUPERIOR COURT OF NEW JERSEY
                                          :     CHANCERY DIVISION:
                 Plaintiffs,              :     MERCER COUNTY
                                          :
          v.                              :     CASE NO.: MER-C-26-08
                                          :
MICHAEL A. APPELBAUM, RANDALL             :
T. CURNOW, YASHWANT M. DEO,               :
DONALD L. DRAKEMAN, LISA N.               :
DRAKEMAN, IRWIN LERNER,                   :
NILS LONBERG, W. BRADFORD                 :
MIDDLEKAUFF, RONALD J.                    :
SALDARINI, CHRISTIAN S. SCHADE,           :
CHARLES R. SCHALLER, and                  :
JULIUS A. VIDA,                           :
                                          :
                 Defendants,              :
                                          :
          and                             :
                                          :
MEDAREX, INC.,                            :
                                          :
                 Nominal Defendant.       :

IN
CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
**RECEIVED AND FILED**

**NOV 1 8 2008**

*Sue Regan*
SUE REGAN
DEPUTY CLERK OF SUPERIOR COURT

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to an Order dated September 26, 2008 (the "Preliminary Approval Order"), on the application of Plaintiffs and Nominal Defendant for final approval of the Settlement in this Action on the terms provided for in the Stipulation of Compromise and Settlement dated August 28, 2008 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate Notice having been provided to holders of Medarex common stock as of August 28, 2008, as required in the Preliminary Approval Order, and following such Notice, a hearing having been held before the

Court on November 18, 2008 (the "Settlement Hearing") to determine the matters contemplated in this Order and Final Judgment; and

The Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing for the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED this *18*ᵗʰ day of *November*, 2008 that:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties thereto.

3.      Pursuant to N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and other applicable law, this Court finds that the Settlement is fair, reasonable and adequate to Medarex and its shareholders. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel. Accordingly, the Court hereby finally approves the Settlement in all respects, as set forth in the Stipulation. The Settling Parties are hereby directed to consummate the Settlement in accordance with the terms of the Stipulation.

4.      The Court further finds, solely for the purposes of Settlement, that Plaintiffs and Plaintiffs' Counsel fairly represent the interests of Medarex and its shareholders in enforcing the rights of the Company.

5.      Pursuant to Rule 4:32-3, and for the purposes of Settlement only, the Court further finds that the Action was properly initiated as a stockholder derivative action for and on behalf of Medarex.

2

6.    The Action and all claims asserted therein are dismissed with prejudice.

7.    Upon the Effective Date, Plaintiffs and Plaintiffs' Counsel, on their own behalf and derivatively on behalf of Medarex (as nominal defendant) and Medarex stockholders (derivatively on behalf of Medarex) shall fully, finally and forever release, relinquish and discharge all Settled Claims against the Released Parties.  Plaintiffs and Plaintiffs' Counsel shall also fully, finally and forever release, relinquish and discharge all claims against Defendants' Counsel related to this Action.  Upon the Effective Date, each of the Individual Defendants shall also fully, finally, and forever release, relinquish and discharge all claims against Plaintiffs, Plaintiffs' Counsel, and Medarex and their Related Persons related to this Action.

8.    The Court hereby approves the award to Plaintiffs' Counsel of Fees and Expenses in the amount of $ *3,000,000.00* *3 million* / .  Medarex is directed to cause its insurer to pay to Plaintiffs' Counsel the Fee Award in accordance with the terms of the Stipulation.  The Individual Defendants shall not be liable to pay the Fee Award, or any other payment in connection with this Settlement.

9.    The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10.    Plaintiffs, Medarex stockholders, and Medarex are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining any Settled Claim against any of the Released Parties.  All such claims and actions are hereby extinguished, satisfied and unenforceable.

11.    During the course of the litigation of the Action, all Settling Parties and their counsel acted in good faith and complied with state law and rules of professional responsibility.

3

12.     The Notice given to Medarex stockholders was the best notice practicable under the circumstances.  Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the proposed Settlement and the Settlement Hearing, and said Notice fully satisfied the requirements of N.J. Court Rule 4:32-2(e), as made applicable to this Action by Rule 4:32-3, and other applicable law.

13.     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement, nor the payment of any monetary consideration or relief by any of the Settling Parties, including the payment of attorneys' fees:  (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity or lack of validity of any Settled Claim, or any wrongdoing or liability of the Settling Parties or any of their Related Persons; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Parties or any of their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of this Stipulation. Notwithstanding the foregoing, the Settling Parties may file this Stipulation or any judgment or order of the Court related hereto in any action that has been or may be brought against them in order to support a motion, defense or a counterclaim based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of the implementation, enforcement and administration of the Settlement.

4

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and; in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _November 18_, 2008

_____

Maria Marinari Sypek, P.J.Ch.

5

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

---------------------------------------------------x
                        :     No. 3:06-cv-05523-FLW-TJB
                        :
IN RE MEDAREX, INC. DERIVATIVE  :    **STIPULATION AND**
                        :    **[PROPOSED] ORDER**
LITIGATION                :    **OF VOLUNTARY**
                        :    **DISMISSAL WITH**
                        :    **PREJUDICE**
                        :
---------------------------------------------------x

## STIPULATION AND [PROPOSED] ORDER
## OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS, in addition to the above-captioned derivative action (the "Federal

Action"), companion derivative actions captioned *Halegoua v. Appelbaum, et al.*, No. C-

73-06 (N.J. Super. Ct., Chancery Div., Mercer County) and *Blevins v. Appelbaum, et al.*,

No. C-76-06 (N.J. Super. Ct., Chancery Div., Mercer County), which were later

consolidated and re-styled *In re Medarex Derivative Litigation*, Consolidated Case No.

C-26-08 (N.J. Super. Ct., Chancery Div., Mercer County), were filed in the Superior

Court of New Jersey (the "State Court") (the "State Actions" and collectively with the

"Federal Action", the "Actions");

WHEREAS, the parties to the Actions entered into a Stipulation of Settlement, a

copy of which is attached hereto as Exhibit "A", as a collective settlement (the

"Settlement") of all claims and issues in both the Federal Action and State Actions;

WHEREAS, a Joint Motion for Preliminary Approval of Proposed Settlement and

supporting papers were filed with the State Court on August 29, 2008;

WHEREAS, on _____, 2008, the State Court approved the substantive

terms of the Settlement and entered a final judgment;

WHEREAS, under the terms of the Settlement and final judgment entered by the State Court, all of the claims asserted in the Federal Action have been settled and released, rendering the Federal Action moot;

NOW, THEREFORE, it is hereby stipulated and agreed that the Federal Action is dismissed with prejudice and without costs to any party.

Dated:_____

                                               _____
                                               Gary S. Graifman, Esq. (GSG-2276)
KANTROWITZ, GOLDHAMER & GRAIFMAN
210 Summit Avenue
Montvale, NJ 07645
Telephone: (201) 391-7000
Facsimile: (201) 307-1088

*Liaison Counsel for Plaintiffs*

Jules Brody
Aaron Brody
James E. Lahm (JL-4335)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

Patrice L. Bishop
STULL, STULL-& BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087

Joseph H. Weiss
Joseph D. Cohen
WEISS & LURIE
551 Fifth Avenue
Suite 1600
New York, NY 10176

- 2 -

Telephone: (212) 682-3025
Facsimile: (212) 682-3010

Peter S. Pearlman
COHN, LIFLAND, PEARLMAN,
HERRMANN & KNOPF, LLP
Park 80 Plaza West One
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Facsimile: (201)-845-9423

Darren J. Robbins
Travis E. Downs
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

*Co-Lead Counsel for Plaintiffs*

Dated:_____

_____
William D. Wallach
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald
Saldarini, Robert C. Dinerstein, and
Nils Lonberg.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

- 3 -

Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants Medarex,
Inc., Abhijeet J. Lele, Ronald J.
Saldarini, Robert C. Dinerstein, and
Nils Lonberg.*

Dated: _____

_____
Norman C. Simon
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Tel:  (212) 558-4000
Fax:  (212) 715-9238

*Counsel for Defendant Michael A.
Appelbaum*

Dated: _____

_____
Karen E. Clarke
Margaret A. Dale
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Counsel for Defendants Donald L.
Drakeman*

Dated: _____

_____
David A. Kotler
Robert J. Jossen
Michael J. Gilbert
DECHERT LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Suite 210
Lawrenceville, New Jersey 08648
Tel:  (609) 620-3200
Fax:  (609) 620-3259

*Counsel for Defendant Irwin Lerner*

- 4 -

Dated: _____

Brian J. McMahon
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
Fax:  (973) 596-0545

*Counsel for Defendant W. Bradford
Middlekauff*

Carl H. Loewenson, Jr.
Matthew M. D'Amore
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Tel:  (212) 468-8128
Fax:  (212) 468-7900

*Counsel for Defendant W. Bradford
Middlekauff*

Dated: _____

Gregory B. Reilly
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791
Tel:  (973) 597-2500
Fax:  (973) 597-2400

*Counsel for Defendant Christian S.
Schade*

Daniel J. Kramer
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:  (212) 373-3020
Fax:  (212) 492-0092

*Counsel for Defendant Christian S.
Schade*

Dated: _____

Liza M. Walsh

- 5 -

CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 535-0500
Fax: (973) 535-9217

*Counsel for Defendant Charles R.
Schaller*

Benito Romano
WILKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019-6099
Tel: (212) 728-8258
Fax: (212) 728-9258

*Counsel for Defendant Charles R.
Schaller*

Dated: _____       _____

William H. Trousdale
TOMPKINS MCGUIRE
WACHENFELD & BARRY
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
Tel: (973) 623-7893
Fax: (973) 623-7780

*Counsel for Defendant Julius A. Vida*

Michael D. Trager
Richard L. Jacobson
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 924-5999

*Counsel for Defendant Julius A. Vida*

\*       \*       \*       \*       \*

IT IS SO ORDERED

_____
THE HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT E

MEDAREX, INC.

POLICY AND PROCEDURES FOR THE GRANTING
OF STOCK OPTIONS AND OTHER EQUITY-BASED INCENTIVES

(Adopted by the Board of Directors on January 25, 2007)
(Amended by the Board of Directors on October 25, 2007)
(Amended by the Board of Directors on January 31, 2008)

PURPOSE

The purpose of this Policy and Procedures for the Granting of Stock Options and Other Equity-Based Incentives (the "Policy") is to present a framework for a consistent process for the granting of stock options and other equity-based incentives ("Awards"). The Board of Directors of Medarex, Inc. ("Medarex") has adopted this Policy to assure the integrity of Medarex's equity award process and has delegated the administration thereof to the Compensation and Organization Committee (the "Committee") of the Board of Directors of Medarex (the "Board").

GENERAL PRINCIPLES

In furtherance of this purpose, Committee members and management shall follow consistent procedures for the granting of Awards to officers, employees and members of the Board, as further set forth herein (the "Equity Grant Procedures"). The Equity Grant Procedures, and Medarex's implementation of the practices thereunder, shall comply with applicable law, the Committee charter and Medarex's equity compensation plans. Medarex shall make full disclosure of the Equity Grant Procedures in accordance with applicable securities laws and regulations.

It is the intent of this policy that Awards to current employees, officers or Board members will not be granted by Medarex when any executive officer or member of the Board is in possession of any material, non-public information (as defined in Medarex's Policy Prohibiting Insider Trading).

EQUITY GRANT PROCEDURES

Grants to New Officers, Employees and Board Members

Approval Process:  At regular or special meetings of the Committee, which meetings may be held either by video, telephone or in-person, the Committee shall approve Awards to officers, employees and Board members who commenced service at Medarex during the month(s) preceding each meeting (the "Period").  The dates of regular meetings will be determined at the start of the calendar year.  In advance of each meeting, management shall provide to the Committee a list of all officers and other

employees hired during the Period, and Board members who commenced their service, during the Period and for whom management (or, in the case of new Board members, the Board) recommends an Award. Management shall also provide the Committee with the name of each individual, the amount and nature of recommended equity awards for each individual, and the individual's start date. The Award shall be deemed approved on the date of the Committee meeting. Any officer, other employee or Board member who commences his or her service at Medarex on or after the date management provides the Committee with a list of recommended Award recipients shall be considered for a new-hire Award at the next Committee meeting.

Grant Date: The grant date of all Awards to new officers, employees and Board members shall be last trading day of the month in which the Award was approved by the Committee. Unless otherwise provided, the exercise price of all new officer, employee and Board member Awards shall be 100% of the average of the high and the low price of Medarex's common stock on the grant date (the "Fair Market Value").

Determining Amount of Award: If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

## Off-Cycle Grants to Current Officers, Employees and Board Members

Committee Approval Process: All other Awards granted to current officers, employees, Board members and non-employee consultants throughout the year, including Awards granted pursuant to the Company's deferred compensation programs under Section 13 of the Company's 2005 Equity Incentive Plan ("Deferred Awards"), but excluding annual grants ("Off-Cycle Awards"), shall be approved at the Committee's meetings as described below. In advance of each meeting of the Committee, management shall provide to the Committee a list of all officers, employees and Board members for whom management (or, in the case of Board members, the Board) recommends an Off-Cycle Award. Management shall also provide the Committee with the name of each individual, the amount and nature of recommended equity awards for each individual, and the reason for the Off-Cycle Awards. The Award shall be deemed approved on the date of the Committee meeting.

Grant Date: The grant date of all Off-Cycle Awards shall be last trading day of the month in which the Award was approved by the Committee as the case may be. For clarification, the grant date of Deferred Awards under the 2008 Deferred Compensation Program must correspond with the date on which the underlying compensation being deferred is otherwise paid to employees generally. Unless otherwise provided, the

2

exercise price of all Off-Cycle Awards shall be the Fair Market Value, as determined above.

Determining Amount of Award:  If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

### Annual Grants to Current Officers, Employees and Board Members

Approval Process:  The Committee may approve annual Awards to current officers, employees and members of the Board at a meeting held in the forty-five (45) day period following the close of each fiscal year.  At the meeting, the Committee shall determine the exact recipients of the Awards and the exact amount and nature of shares to underlie the Awards granted to the recipients.  The annual Awards shall be deemed approved on the date of the Committee meeting.

Grant Date:  The grant date of all annual Awards shall be the date that is the third (3rd) trading day after Medarex files its annual report on Form 10-K.  Unless otherwise provided, the exercise price of all annual Awards shall be the Fair Market Value, as determined above.

Determining Amount of Award:  If the amount of the Award approved by the Committee is stated in terms of a dollar value and not an express number of shares of Common Stock, then the following formula shall be used on the grant date to determine the number of shares subject to the Award:

- the number of shares shall be equal to (a) the aggregate dollar amount of the Award divided by (b) the Fair Market Value.

COMMUNICATION, DOCUMENTATION  AND IMPLEMENTATION OF EQUITY-BASED INCENTIVES

To ensure the accurate communication, documentation and implementation of Awards, upon the approval of Awards, the chair of the Committee shall timely communicate all Awards to the Chief Financial Officer (the "CFO"), or his or her designee, who in turn shall timely communicate all Awards to the Stock Option Administrator.  Once approved, there shall be no changes in any individual's stock option grant without further action by the Committee.

3

The Stock Option Administrator shall (i) provide documentation of equity-based incentives to the recipients in a timely manner following the approval by the Committee as the case may be; (ii) maintain records of all equity-based compensation grants and exercises, including (a) the type of each Award, (b) the exact recipient of each Award, (c) the exact number of shares (or other units) that will underlie each Award, (d) the grant date for the Award, and (e) the exercise price of each Award; (iii) on an annual basis, review Medarex's system of documenting equity-based compensation grants and exercises with the CFO, and if requested, with the chair of the Committee; and (iv) on an annual basis, provide a detailed report to each member of the Board that describes his or her stock option and other equity holdings for that year.

### SPECIAL SITUATIONS

In the event it is not feasible to follow the Equity Grant Procedures set forth above, the Committee may waive such procedures. Before electing to do so, however, the Committee shall consult with the CFO and the General Counsel and make a determination that it is in Medarex's best interest to waive the Equity Grant Procedures. It is expected that such a waiver will occur only under exceptional circumstances.

For any Award subject to a waiver of the Equity Grant Procedures, the reasons for such waiver shall be fully documented by the Committee, and the methodology for establishing the exercise price of the Award shall be described in the accompanying documentation. For any special situation, the Committee shall determine the exact recipients of the Awards and the exact amount and nature of shares to underlie the Awards granted to the recipients. Furthermore, the chair of the Committee and Stock Option Administrator shall timely communicate the Award as set forth above, and the Stock Option Administrator shall maintain records of the Award as set forth above.

### REVIEW OF EQUITY GRANT PROCEDURE

On an annual basis, the CFO and the General Counsel shall undertake a review of Medarex's procedures for the granting and exercise of Awards. The review shall include an assessment of the Committee's performance in accordance with this Policy. The CFO and the General Counsel shall involve Medarex's outside corporate/securities counsel and accountants in such review. Prior to undertaking the review, the CFO and the General Counsel shall consult with the chairs of the Committee and the Audit Committee to ascertain whether the committees have any particular areas of concern regarding Medarex's equity grant procedures. Upon completion of the review, the CFO and the General Counsel shall (i) share the results of the review with the Chief Executive Officer, the Committee and the Audit Committee, and (ii) report to the Board regarding any significant issues which arose during the review.

The Committee shall review this Policy at least annually and may recommend any modifications to the Board. The Board will determine any changes to be made to this Policy based upon the Committee's recommendations.

4

Failure to comply with this Policy may result in disciplinary actions in accordance with Medarex's employment procedures.

## TRAINING

The CFO and the General Counsel shall supervise an annual training program and/or distribute update/refresher materials for officers, employees, members of the Board and consultants in connection with the administration, implementation, and/or review of Medarex's equity grant procedures. The CFO and the General Counsel may engage external advisors and consultants, to the extent determined appropriate by the CFO and the General Counsel, to facilitate the performance of any training functions.

TRUJILLO RODRIGUEZ & RICHARDS, LLC
258 Kings Highway, East
Haddonfield, NJ 08033
Telephone: (856) 795-9002

Liaison Counsel for Plaintiffs

| | |
|---|---|
| JAMES BLEVINS and ALBERT HALEGOUA, Derivatively on Behalf of Nominal Defendant MEDAREX, INC., ) ) ) | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: MERCER COUNTY |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: MER-C-26-08 |
| MICHAEL A. APPELBAUM, RANDALL T. CURNOW, YASHWANT M. DEO, DONALD L. DRAKEMAN, LISA N. DRAKEMAN, PATRICIA M. DANZON, IRWIN LERNER, NILS LONBERG, W. BRADFORD MIDDLEKAUFF, RONALD J. SALDARINI, CHRISTIAN S. SCHADE, CHARLES R. SCHALLER, and JULIUS A. VIDA, ) ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| MEDAREX, INC., ) ) | |
| Nominal Defendant. ) | |

## AMENDED STIPULATION OF SETTLEMENT

1.     This Amended Stipulation of Settlement (the "Amended Stipulation"), dated as of

September 25, 2008 hereby incorporates in its entirety the Stipulation of Settlement dated

August 28, 2008 ("Stipulation") that was recently filed with the Court.[1]

---

[1]     The Amended Stipulation is being filed with consent of all parties.

2.      The Amended Stipulation makes the following two changes to the Stipulation: (i)
Defendants Robert C. Dinerstein and Abhijeet J. Lele are hereby added to the definition of
"Defendants" and "Settling Defendants" as defined in Section I of the Stipulation; and (ii)
Patricia Danzon is hereby removed from the definition of "Defendants" and "Settling
Defendants" as defined in Section I of the Stipulation.

IN WITNESS WHEREOF, plaintiffs and Medarex have caused the Amended Stipulation
to be executed, by their duly authorized attorneys, on September ___, 2008.

Dated: September 25, 2008

SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP

Eric L. Zagar
Michael C. Wagner
James H. Miller
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056

*Lead Counsel for State Plaintiff*

Dated: September 25, 2008

TRUJILLO RODRIGUEZ & RICHARDS,
LLC

Lisa J. Rodriguez
258 Kings Highway, East
Haddonfield, NJ 08033
Tel:  (856) 795-9002
Fax:  (856) 795-9887

*Liaison Counsel for State Plaintiffs*

Dated: September 25, 2008

MCCARTER & ENGLISH LLP

2

William D. Wallach
Richard Hernandez
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

Gandolfo V. DiBlasi
William J. Snipes
Lisa M. White
Qian A. Gao
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendants Medarex, Inc.,*
*Abhijeet J. Lele, Ronald J. Saldarini, Robert C.*
*Dinerstein, Nils Lonberg, Randall Curnow and*
*Yashwant Deo.*

3